# IN THE 14th COURT OF APPEALS

## Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

MAR 09 2015

CHRISTOPHER A. PRINE
CLERK

YES  NO
PAID
INDIGENT  RECEIPT #
YES  NO

Cause No. 14-15-00198-CV
14-15-00199-CV

## IN RE VALENTINA SPASSOVA SHESHTAWY,

### RELATOR

### v.

## HONORABLE JUDGE LOYD WRIGHT,

## PROBATE COURT ONE (1) OF HARRIS COUNTY, TEXAS,

### RESPONDENT

---

## PETITION FOR WRIT OF PROHIBITION

## OR

## WRIT OF MANDAMUS

---

Valentina Spassova Sheshtawy
Pro Se
12206 Cabo Blanco Ct.,
Houston, Texas 77041
Phone: (832) 721-3606
E-mail: valentinasheshtawy@yahoo.com

## EMERGENCY RELIEF REQUESTED

# IDENTITY OF PARTIES & COUNSEL

Relator is Valentina Spassova Sheshtawy, Pro Se. Valentina Spassova Sheshtawy resides at 12206 Cabo Blanco Ct., Houston, Texas 77041. Phone (832) 721-3606; e-mail: valentinasheshtawy@yahho.com. The Relator is the Appellant of Cause No. 14-14-00515-CV, styled *Valentina Spassova Sheshtawy, Appellant v. Michael Fuqua, as Temporary Administrator of the Estate of Adel Sheshtawy, Deceased, Appellant*, in the Fourteen Court of Appeals in Houston, Texas.

Respondent is the Honorable Judge Loyd Write, in Probate Court One (1) of Harris County, 201 Caroline, Ste. 600, Houston,Texas 77002. Phone: (713)368-6700; fax: (713) 368-7300.

The following is a complete list of the parties, the attorneys, and persons who have an interest in the outcome of this proceeding:

Lily Alexandra Sheshtawy – minor child of Valentina Spassova Sheshtawy and Adel Sheshtawy, residing at 12206 Cabo Blanco Ct., Houston, Texas 77041, in care of Valentina Spassova Sheshtawy.

Nikolay Tassev – Valentina Spassova Sheshtawy's son and a step son to Adel Sheshtawy; residing at 12206 Cabo Blanco Ct., Houston, Texas 77041, in care of Valentina Spassova Sheshtawy.

Cameron McCulloch – Guardian of Estate for Lily Alexandra Sheshtawy, a minor, attorney with MacIntyre McCulloch Stanfield & Young, LLP, 2900 Weslayan, Suite 150, Houston, Texas 77027; Phone (713) 572-2900; Fax: (713) 572-2902; E-mail: cameron.mcculloch@mmlawtexas.com

*i*

Nader Sheshtawy and Hanya Sustache, adult children of Adel Sheshtawy, represented by Sarah Patel Pacheco and Kathleen Turner Beduze, attorneys with Crain, Caton & James, PC, Five Houston Center, 1401 McKinney, 17th Floor, Houston, Texas 77010; Fax (713) 658-1921. Nader Sheshtawy and Hanya Sustache had been appointed on December 10, 2013 to serve as Dependent Co-Administrators of the Estate of Adel Sheshtawy along with Michael Fuqua, Temporary Administrator .

Michael Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy. Michael Fuqua, is an attorney with FUQUA & ASSOCIATES, P.C., 5005 Riverway, Suite 250, Houston, Texas 77056. Phone (713) 960-0277; fax (713) 960-1064; e-mail: mlfuqua@fuqualegal.com, State Bar Number 24055511.9. Michael Fuqua is the Appellee in Cause No. 14-14-00515-CV.

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ........................................................ *i*

TABLE OF CONTENTS........................................... *iii*

INDEX OF AUTHORITIES .......................................................... iv

STATEMENT OF THE CASE ............................................. *page number 1*

STATEMENT OF FACTS........................................ *page number 3*

STATEMENT OF JURISDICTION ...................................... *page number 8*

ISSUES PRESENTED ............................................... *page number 9*

ARGUMENTS & AUTHORITIES ...................................... *page number 9*

PRAYER ................................................................ *page number 10*

APPENDIX ............................................................... *v*

CERTIFICATION.......................................................... *vi*

CERTIFICATE OF COMPLIANCE ......................................... *vii*

CERTIFICATE OF SERVICE........................................ *viii*

# INDEX OF AUTHORITIES

**Cases:**

*Chang, 814 S.W.2d at 545*.......................................*page 9*

*Holloway v. Fifth Court of Appeals, 767 S.W. 2d 680, 683 (Tex. 1989)*.........*page 9*

**Constitution**

Texas Constitution art. 5, § 3, 6; Government Code § 22.002, 22.221.....*page 8,9*

**Statutes and Rules**

PEN § 32.46 Securing execution of document by deception.............*page 4*

IN RE VALENTINA SPASSOVA SHESHTAWY, Relator

RELATOR'S PETITION FOR WRIT OF PROHIBITION/ WRIT OF MANDAMUS

---

## INTRODUCTION

Relator, Valentina Spassova Sheshtawy, submits this petition for Writ of Prohibition / Writ of Mandamus, complaining of the Honorable Loyd Wright, presiding Judge of the Probate Court One (1) of Harris County, Texas. For clarity, Relator is referred to as Valentina Spassova Sheshtawy.

Respondent, the Honorable Loyd Wright, is referred to by name; and the real party in interest is referred to as Valentina Spassova Sheshtawy, and her children Lily Alexandra Sheshtawy and Nikolay Tassev.

Relator, Valentina Spassova Sheshtawy, submits this Petition for Writ of Prohibition/ Writ of Mandamus, pending the court disposition of an appeal on the merits, Cause No. 14-14-00515-CV.

## STATEMENT OF THE CASE

Relator, Valentina Spassova Sheshtawy, files this Writ of Prohibition, to prevent Respondent, the Honorable Judge Loyd Wright, sitting in Probate Court One (1) of Harris County, Texas, from approving any agreements or orders related to the property located at 12206 Cabo Blanco Ct., Houston, Texas 77041, or alternatively Writ of Mandamus due to the limited time. The property at 12206 Cabo Blanco Ct., Houston, Texas 77041, is the subject of the appeal Cause No. 14-14-00515-CV which is scheduled for review on Thursday, March 12, 2015, by the Fourteenth Court of Appeals in Houston, Texas.

1

The underlying procedures are In the Estate of Adel Sheshtawy, Deceased, Cause No 407-499 which has seven sub-docketed cases, and specifically 407,499-406 which is the subject of the appeal; Cause No. 14-14-00515-CV, seeking permanent injunction prohibiting the sale or attempted sale of homestead property located at 12206 Cabo Blanco Ct., Houston, Texas 77041, and the related case, styled In the Estate of Lily Sheshtawy, a Minor, Cause No. 425,238 in Probate Court One (1) of Harris County, Texas.

On March 12, 2015 at 10:00 am, a hearing is scheduled on the *Application for Authority for Guardian to Enter into Settlement (a.k.a. – Distribution) Agreement Regarding the Estate of Adel Sheshtawy*, filed by Mr. Cameron McCulloch, as Guardian of Estate of Lily Sheshtawy, the minor child of Valentina Spassova Sheshtawy and Adel Sheshtawy in Probate Court One (1) of Harris County, Texas. Mr. McCulloch is seeking the probate court's approval to sign a settlement agreement which is unjust to Lily Sheshtawy. The settlement agreement would deprive Lily of her preserved portion of her father's Estate as of the date of his death on August 8, 2011. The settlement agreement limits her share of the estate to the property at 12206 Cabo Blanco Ct. which is a homestead property and as such should not be subject to administration. The property was improperly included in the Estate.

The Respondent has already approved two settlement agreements under Cause No. 407,499-401 and 407,499-402 which are detrimental to Lily, based on representations of Mr. McCulloch in his capacity as Attorney Ad Litem that the settlement agreements were in her best interest. The Honorable Judge Loyd Wright did not appoint a Guardian ad Litem to review those settlements from the perspective of the minor. Lily's mother, Valentina Sheshtawy, was not informed about her or her daughter's constitutionally protected homestead rights by either Mr. McCulloch, as Attorney Ad Litem, or by her former attorney Donald Worley.

The Respondent, the Honorable Judge Loyd Wright approved the Preliminary Inventory, Appraisement and List of Claims presented to him by Mr. Michael Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy without an appraisement on or about March 7, 2012 (See EXHIBIT 1 in appendix). On December 10, 2013, the Respondent appointed Nader Sheshtawy and Hanya Sustache, Dependent Co-Administrators and ordered "that there is no need for appointment of appraisers of this estate". (See page 2 in EXHIBIT 2 in appendix).

The Relator, Valentina Spassova Sheshtawy is seeking Writ of Prohibition, or alternatively, Writ of Mandamus because the Respondent might engage himself in signing orders related to the property on appeal, in the Probate Court One (1) where he is presiding, on or after the hearing on March 12, 2015 scheduled at 10:00 am.

## STATEMENT OF FACTS

Relator, Valentina Spassova Sheshtawy, filed her Appellant's Brief in the 14th Court Appeals on November 14, 2014. The main issue presented is that the property at 12206 Cabo Blanco Ct., Houston, TX 77041 is homestead.

On January 23, 2015 the Guardian of Estate for Relator's minor daughter, Lily Alexandra Sheshtawy ("Lily"), filed *Application For Authority For Guardian To Enter Into Settlement (A.K.A. – Distribution) Agreement Regarding the Estate of ADEL SHESHTAWY* under Cause No. 425,238 in Probate Court One (1), of Harris County, Texas. Probate Court One (1) where the original proceeding, *In the Estate of Adel Sheshtawy*, Cause No. 407,499 and the related Cause No. 407,499-406, the case on appeal, were held. In his application, Mr. McCulloch mentioned the appeal "which is currently pending in the Fourteen Court of Appeals under Cause Number 14-14-00515-CV." (See page 2, EXHIBIT 3).

Relator received a copy of the above mentioned document on February 10, 2015 and filed a Complaint against Mr. McCulloch seeking his removal as the Guardian of the Estate for her minor child Lily on February 13, 2015. (EXHIBIT 4)

Relator filed responses to *Application For Authority For Guardian To Enter Into Settlement (A.K.A. – Distribution) Agreement Regarding the Estate of ADEL SHESHTAWY* incorporated by reference with the *Complaint Against Cameron McCulloch*, on February 20, 2015 in which she pointed out that the probate court has no jurisdiction over the property at 12206 Cabo Blanco Ct., Houston, Texas 77041 during the pendency of the appeal. (See EXHIBIT 5). Affidavit of Valentina Spassova Sheshtawy in support of Complaint against Cameron McCulloch as a Guardian of Estate for Lily Sheshtawy is enclosed in EXHIBIT 5.

3

A hearing on the *Application for Authority to Enter into Settlement (a.k.a.-Distribution) Agreement* and *Valentina Sheshtawy's Complaint against Cameron McCulloch, Guardian of the Estate of Lily Sheshtawy* is scheduled on March 12, 2015 at 10:00 a.m. in Probate Court One (1) of Harris County, Texas. (See EXHIBIT 6).

The Relator, Valentina Spassova Sheshtawy has already expressed her concern, in her Reply Brief (page 4-5) of the appeal, about Lily Alexandra Sheshtawy's preserved portion of her father's estate as of the date he passed away which had not been preserved either by Mr Fuqua as a Temporary Administrator, or by Mr McCulloch as Attorney Ad Litem and/or Guardian of Estate for the minor child, nor by the trial court. In fact many assets were hindered or given away to other parties in the litigation such as Nader Sheshtawy and Farouk Sheshtawy, and thus reduced significantly Lily's share of the Estate. Valentina Spassova Sheshtawy further stated "Instead to protect Lily's interest in the Estate, Mr McCulloch has been effectively used to reduce Lily's portion of the Estate by signing agreements which are not in the child's best interest, giving million dollars away to other litigants, and disposing her homestead right."

As of the time a Rule 11 Settlement Agreement was signed on May 28, 2013 (Appellate records on file), both Valentina's lawyer at that time Donald Worley and the Attorney ad Litem for Lily Alexandra Sheshtawy (Relator's minor child), Cameron McCulloch hindered the information that the property at 12206 Cabo Blanco Ct., Houston, Texas 77041 is a homestead. PEN § 32.46 Securing execution of document by deception. (a) A person commits an offense if, with intend to defraud or harm any person, he by deception: (1) causes another to sign or execute any document affecting property or service or the pecuniary interest of any person. A lawsuit against Donald Worley, Valentina Spassova Sheshtawy's former lawyer is currently pending in Probate Court One (1) of Harris County, Texas, Cause No. 407,499-407.

Valentina was not informed about her or Lily's homestead rights, nor was it considered that there was another minor, living in the same residence. Nikolay Tassev is the Relator's son, and a step son to Adel Sheshtawy, deceased.

4

Mr. McCulloch filed *Application for Authority to Enter into Settlement (a.k.a.- Distribution) Agreement* Reguarding the Estate of Adel Sheshtawy, seeking the approval of Probate Court One (1) to enter into settlement agreement which is detrimental to Lily who is only six years old at present. Mr. McCulloch is asking the Probate Court One (1) to authorize him to settle Lily Alexandra Sheshtawy's share in the Estate of her father Adel Sheshtawy for the property at 12206 Cabo Blanco Ct., which is under appeal.

The proposed settlement agreement, included herewith in EXHIBIT 3, provides (page 4 of said settlement) in 3.1. **Division of Estate.**

*a.* *In full and final settlement of all her interest in and possible clams against the Estate, Lily will receive the following:*

*i)* *The Cabo Blanco Property, subject to the obligation pursuant to the terms of the Rule 11 and Final Settlement Agreement between the Parties and Valentina that provides Valentina and her attorney, Mr. Worley, the sum of $ 100,000 from the sales proceeds of the Cabo Blanco Property when sold.* (Emphases added.)

For clarification, the Cabo Blanco Property is the property at 12206 Cabo Blanco Ct., Houston, Texas 77041 and Mr.McCulloch as a Guardian of Estate for Lily is trying to settle her share of a million dollar estate for the same property at 12206 Cabo Blanco Ct., Houston, Texas 77041 which in fact is a homestead. A Personal Financial Statement is enclosed in EXHIBIT 5, and referenced as Exhibit A, gives incentive about the value of some of the assets owned by Adel Sheshtawy. Adel Sheshtawy personally made representation of those assets.

Further, the proposed settlement provides:

*v) Guardian acknowledges and agrees that the foregoing assets shall be in full and final settlement of all amounts due Lily or Guardian from Temporary Administrator, Nader and/ or Hanya, including any interest in the assets of Decedent's Estate, Nader's assets, and Hanya's assets, as an heir, creditor or otherwise; and*

*vi) The Parties do not hereby seek to waive any homestead protections that may exist under Texas law as to the Cabo Blanco Property.* (Emphases added.)

Valentina stated in her Response to the Application for Authority for Guardian to Enter into Settlement (a.k.a. – Distribution) Agreement Regarding the Estate of

Adel Sheshtawy Incorporated by Reference with the Complaint Against Cameron McCulloch, in **part IV**, attached here as EXHIBIT 5:

*"Mr. McCulloch asks the court to approve Lily's share of the estate of her father Adel Sheshtawy to be limited to the property at 12206 Cabo Blanco Ct., Houston, Texas 77041. Said property is under appeal in the 14th Court of appeals in Harris County, Texas. The Probate Court One has no jurisdiction at present over the same property. The property was improperly included in the estate, and is exempt property, and not subject to administration."* (Emphases added.)

Mr McCulloch is seeking the trial court approval to sign a release on behalf of the Relator's minor child as follows:

*Any and all claims, causes of actions, debts, demands, actions, costs, expenses, losses, damages, charges, challenges, contests, liabilities, promises, agreements, deceptive practice claims, claims in equity, suits, and all other obligations and liabilities of whatsoever nature KNOWN and UNKNOWN, fixed or contingent, liquidated or unliquidated, anticipated or unanticipated, at law or in equity, for any type of relief or redress, including but not limited to money damages, whether founded on contract, tort (including but not limited to tortuous interference with inheritance rights, conversion, fraud, tax issues, undue influence, false representation, conscious indifference, reckless disregard, and/ or malicious conduct), fiduciary duty, NEGLIGENCE, gross negligence, intentional affliction of emotional distress, reimbursement, breach of fiduciary duty to disclose material information, indebtedness, FRAUDULENT INDUCEMENT, and any other ground, whether or not asserted, which any person has, may have, or have had against the released and/or indemnified party, now existing or arising in the future, including the claims brought or which could have been brought by Valentina through the effective date of the Agreement relating to Nader, Hanya, the Lawsuit, Decedent's estate, including any claims of common law marriage, save and except warranties and representations under this Agreement. THE PARTIES AGREE THAT THE DEFINITION OF "CLAIMS" IS AND SHALL BE AS BROAD AS THE LAW WILL ALLOW. "*

The law in the State of Texas does not allow and support such provisions, especially when a minor's interest is concerned. The Relator, who is the mother of Lily Alexandra Sheshtawy, a minor child presently six years old, is shocked by the arrogance of the parties involved in such settlement agreement. The mother of the

6

minor child objects to all of those provisions, and specifically objects to "tort, torturous interference with inheritance rights, conversion, fraud, undue influence, false representation, conscious indifference, reckless disregard, malicious conduct, fiduciary duty, negligence, intentional infliction of emotional distress" because that is exactly what the parties to this settlement are performing and causing harm to her minor child. The trial court Judge Loyd Wright should not even consider such settlement for approval because it is so obviously unjust to the minor child and includes indemnity provisions for a minor.

The Temporary Administrator of the Estate of Adel Sheshtawy, Mr. Fuqua (who is the Appellee in the Cause No. 14-14-00515-CV) did not comply with the requirements to file appraisement of the assets of the estate within 90 days of his appointment, and caused misappropriation of assets belonging to the Estate of Adel Sheshtawy. Mr. Fuqua mismanaged the Estate of Adel Sheshtawy.

The Temporary Administrator has the duty to prepare and file with the court clerk a single written instrument that contains a verified, full, and detailed inventory in which the appraisement is set out before the 91 day after he qualifies. EST. 309.051(b). The personal representative shall:

(1) set out in the inventory the representative's **appraisement of the fair market value on the date of the decedent's death of each item in the inventory** (emphases added): or
(2) if the court has appointed one or more appraisers for the estate:
(A) determine the fair market value of each item in the inventory with the assistance of the appraiser or appraisers; and
(B) set out that appraisement in the inventory.

Respondent, the Honorable Judge Loyd Wright, approved the First Amended Inventory, Appraisement and List of Claims on March 7, 2012 without appraisement (See EXHIBIT 1), which caused and causes misappropriation of assets and mismanagement of the Estate of Adel Sheshtawy, and affected Valentina Spassova Sheshtawy, and her children Lily Alexandra Sheshtawy and Nikolay Tassev.

Valentina Spassova Sheshtawy has previously raised the issue that Mr Fuqua as a Temporary Administrator of the Estate of Adel Sheshtawy had filed inventory

7

without an appraisement by filing a Complaint against Michael Fuqua, Temporary Administrator and Objections to Inventory, Appraisement and List of Claims on June 16, 2014. (See the appeal records on file.) Respondent, the Honorable Judge Loyd Wright denied the Complaint against Mr Fuqua, Temporary Adimistrator of the Estate of Adel Sheshtawy.

The Respondent, the Honorable Judge Loyd Wright appointed Nader Sheshtawy and Hanya Sustache Dependent Administrators on December 10, 2013. Valentina Spassova Sheshtawy did not receive notice individually or as a parent of Lily Alexandra Sheshtawy. At that time Mr. McCulloch was not Guardian of Estate for Lily Alexandra Sheshtawy. Despite of the due process violation, Judge Loyd Wright entered order on December 10, 2013 (See page 2 in EXHIBIT 2) as follows: *"ORDERED, that there is no need for the appointment of appraisers of this estate."*

Appraisement of estate is a statutory requirement. The Respondent is in violation of said requirement.

The proposed Settlement (a.k.a. – Distribution) Agreement Reguarding the Estate of Adel Sheshtawy is unjust to Lily Sheshtawy, and in fact is depriving her from what she is rightfully entitled to inherit from her father Adel Sheshtawy, as of the date he passed away on August 8, 2011, and said settlement concerns the homestead property at 12206 Cabo Blanco Ct., Houston, Texas 77041 which is on appeal.

## STATEMENT OF JURISDICTION

A writ of prohibition is an extraordinary writ that a court of appeals, as a court of superior jurisdiction, may direct to a court with inferior jurisdiction. An appeal under Cause No 14-14-00515-CV is pending in the Fourteen Court of Appeals in Houston and same has superior jurisdiction over Probate Court One (1) in Harris County, Texas. The court's original writ jurisdiction are found in the Texas Constitution and the Government Code (Texas Constitution art. 5, §3, 6; Government Code §22.002, 22.221).

8

A Writ of Mandamus should be considered as an alternative due to the limited time, and in the event the Respondent, the Honorable Judge Loyd Wright performs the acts to be prohibited before the Court of Appeals grant the Writ of Prohibition requested.

This Court has jurisdiction to issue the Writ of Prohibition, or Writ of Mandamus.

## ISSUES PRESENTED

Issue 1: The Probate Court One (1) of Harris County, Texas has no jurisdiction over the property at 12206 Cabo Blanco Ct., Houston, Texas 77041 while Cause No. 14-14-00515-CV is pending.

Issue 2: In the event, the Respondent performs any actions and signs orders related to the homestead property, the appeal will be ineffectual.

## ARGUMENTS & AUTHORITIES

I.The Respondent, the Honorable Judge Loyd Wright, sitting in Probate Court One (1) of Harris County, Texas may perform actions under Cause No. 425,238 which may adversely affect the issues under appeal.

II.The Relator, Valentina Spassova Sheshtawy is seeking emergency relief because there is an extraordinary situation in the trial court which requires immediate attention. A court of appeals may issue necessary writs to protect its jurisdiction by preserving the subject matter of the appeal pending a hearing on the appeal. (Texas Constitution, Art. 5, §3, 6; Tex. Government Code § 22.221(a); *Chang, 814 S.W.2d at 545*. The Relator is seeking a relief to preserve the status quo of the appeal, Cause No 14-14-00515-CV. The purpose of writ of prohibition is to enable a higher court to protect and enforce its jurisdiction and judgment. *Holloway v. Fifth Court of Appeals, 767 S.W. 2d 680, 683 (Tex. 1989)*. The writ is typically used by an appellate court to control, limit, or prevent action in a lower court. *Id.* At 682.

9

The Court of Appeals may grant "any just relief" during the pending appeal.

## - PRAYER

The Relator, Valentina Spassova Sheshtawy prays that the Court of Appeals will issue the Writ of Prohibition to protect its jurisdiction during the pending appeal to conserve the status quo of the issues under appeal and direct the Respondent,the Honorable Loyd Wright to refrain from approving and signing any orders related to the property at 12206 Cabo Blanco Ct., Houston, Texas, or alternatively a Writ of Mandamus to be issued to the Respondent to comply with the Appellate Court's orders in the event the Respondent has already performed the acts seeking to be prohibited prior to the Court of Appeals granting Writ of Prohibition.

Respectfully submitted,

*Valentina Sheshtawy*

Valentina Spassova Sheshtawy

# APPENDIX

EXHIBIT 1: Order approving Preliminary Inventory & List of Claims. First Amended Inventory, Appraisement and List of Claims enclosed with the order.

EXHIBIT 2: Order appointing Dependent Co-Administrators – signed 12.10.2013.

EXHIBIT 3: Application for Authority for Guardian to Enter into Settlement (a.k.a. – Distribution) Agreement Regarding the Estate of Adel Sheshtawy.

EXHIBIT 4: Complaint against Cameron McCulloch, Guardian of Estate of Lily Sheshtawy, Minor.

EXHIBIT 5: In Response to Application for Authority for Guardian to Enter into Settlement (a.k.a. – Distribution) Agreement Regarding the Estate of Adel Sheshtawy incorporated by Reference with the Complaint against Cameron McCulloch. Enclosed Affidavit of Valentina Spassova Sheshtawy and Personal Financial Statement of Adel Sheshtawy.

EXHIBIT 6: First Amended Notice of Hearing.

Appellate records for Cause No. 14-14-00515-CV on file in the Fourteen Court of Appeals, Houston, Texas.

*v*

# EXHIBIT 1

PROBATE COURT 1

Cause No. 407,499

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

*PRELIMINARY*
*ORDER APPROVING ~~FIRST AMENDED~~ INVENTORY & LIST OF CLAIMS*

*PRELIMINARY*
The foregoing ~~First Amended~~ Inventory, Appraisement and List of Claims of the above Estate having been filed and presented and sworn to by Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased; there having been no objections made thereto; and the Court, having considered and examined the same, is satisfied that it should be approved.

*PRELIMINARY*
IT IS THEREFORE ORDERED that the foregoing Inventory, Appraisement and List of Claims is in all respects approved and ORDERED entered of record.

SIGNED on the ___7th___ day of ___MARCH___, 2012.

_____
JUDGE PRESIDING

*CONFORMED COPY REQUESTED*
*Please return a conformed copy to:*

MICHAEL L FUQUA
FUQUA & ASSOCIATES, P.C.
5005 RIVERWAY, STE. 250
HOUSTON, TEXAS 77019

KEITH MORRIS
JONES | MORRIS | KLEVENHAGEN, L.L.P.
6363 WOODWAY DR., SUITE 570
HOUSTON, TEXAS 77057

FILED
2012 MAR -8 AM 10:28

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blockouts,
additions and changes were present at the time
the instrument was filed and recorded.

Cause No. 407,499

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| ADEL SHESHTAWY | § | NUMBER ONE (1) |
| DECEASED | § | HARRIS COUNTY, TEXAS |

<u>FIRST AMENDED INVENTORY, APPRAISEMENT AND LIST OF CLAIMS</u>

The following is a full, true and complete First Amended Inventory and Appraisement of all personal and real property situated in the State of Texas owned by Adel Sheshtawy to the best of the knowledge of the Temporary Administrator as of the date of his death, August 8, 2011 together with a List of Claims due and owing to this Estate as of the date of death, which have come into the knowledge of the undersigned.

The decedent was not married at the time of his death and the value listed herein reflects the decedent's separate interest for such property[1].

<u>INVENTORY AND APPRAISEMENT</u>

| | |
|---|---|
| Real Estate (Schedule A attached) | $ 646,000.00 |
| Mortgages, Notes & Cash (Schedule B attached) | Undetermined |
| Miscellaneous Property (Schedule C attached) | $ 21,150.00 |
| Corporations (See Schedule D) | Undetermined |
| Patents (See Schedule E) | Undetermined |
| Securities, Stocks, & Bonds (See Schedule F) | Undetermined |
| Total Value | Undetermined |

---

[1] Decedent was a respondent in a divorce proceeding asserting an informal marriage existed pursuant to T.F. C. § 2.401and child of the marriage. *Cause No 2010-48274; Valentina Spassova Sheshtawy v. Adel Sheshtawy;* in the 247th Judicial District Court of Harris County Texas at the time of his death. On March 10, 2011 an Order granting partial summary judgment was entered, that the relationship between Valentina Spassova Sheshtawy and Adel A. Sheshtawy was a valid and recognizable informal marriage. The divorce cause of action and child custody matter were abated on August 9, 2011 as a result of Adel Sheshtawy's death. Valentina Sheshtawy filed a petition for Declaratory Judgment in the Estate of Adel Sheshtawy on November 14, 2011 seeking declaration of a common law marriage and paternity of Lily Alexandra Sheshtawy.

# LIST OF CLAIMS

The claims owing to the estate:                                                     Value

1.  Drill Bit Industries, Inc.d/b/a Tri-Max Industries, Inc.          Undetermined
    v. Brant Oilfield Management & Sales, Inc. and
    David Hal Hubbard; Cause No. 2006-25987;
    In the 113th Judicial District, Harris County, Texas

2.  Adel Sheshtawy vs. Nikolay Tasseva and                           Undetermined
    Valentina Spassova Tasseva; Cause No. 972,013;
    In the County Court at Law Number Four (4), Harris County, Texas

3.  Adel Sheshtawy vs. Nikolay Tasseva and                           Undetermined
    Valentina Spassova Tasseva; Cause No. 2011-15407;
    In the125th Judicial District of Harris County, Texas

4.  In re: Pride International, Inc. Shareholders Litigation Consolidated    Undetermined
    C.A. 6201-CS; In the Court of Chancery of the State of Delaware

5.  Adel Sheshtawy vs. China Sunergy Co., et al; Cause No. 07-CV-7895;
    In the United States District Court Southern District of New York      Undetermined

6.  Loan to Stacy Harbert, Bank of Texas Check No2141on July 16, 2011    $1,000.00

**Total**                                                          **$ Undetermined**

Wherefore, the undersigned requests that the Court approve the foregoing First Amended
Inventory, Appraisement and List of Claims and enter it of record in this proceeding.

## ESTATE OF ADEL SHESHTAWY

## REAL ESTATE

## SCHEDULE A

| Item No. | Description | Value on Date of Death |
|---|---|---|
| | **Separate Property** | |
| 1. | Lot 29, Block 2<br>Lakes on Eldridge North Sec 1<br>More commonly known as:<br>12206 Cabo Blanco Ct.<br>Houston, Texas 77041 | |
| | Value Based on 2011(Per HCAD)<br>Harris County Appraisal District | $ 423,400.00 |
| 2. | Lot 17, Block 10,<br>LAKESIDE PLACE SECTION 4,<br>ACRES 1.160,<br>More commonly known as:<br>17706 Highgrove Drive,<br>Houston, Texas 77077 | |
| | Value Based on 2011 (Per HCAD):<br>Harris County Appraisal District | $ 222,600.00 |
| | **Total Separate Real Estate** | **$ 646,000.00** |

# ESTATE OF ADEL SHESHTAWY

## MORTGAGES, NOTES & CASH

## SCHEDULE B

| Item No. | Description | Value on Date of Death |
|---|---|---|
| | **Separate Property** | |
| 1. | Bank of Texas Checking<br>Styled: Adel Sheshtawy<br>Account No. xxxx0081 | $383.62 |
| 2. | Wells Fargo Bank, Checking<br>Styled: Adel Sheshtawy<br>Account No. xxxx6157 | $ 1,500.00 |
| 3. | Chase JP Morgan Bank, N.A. Checking<br>Styled: Adel Sheshtawy<br>Account No. xxxx0521 | $ Unknown |
| 4. | Wells Fargo Checking<br>Styled: Adel Sheshtawy<br>Account No. xxxx3278 | $ 2,248.00 |
| 5. | Bank of Texas Checking<br>Styled: Adel Sheshtawy<br>Account No. xxxx1473 | $1,500.00 |
| 6. | E-Trade Account No.xxxx-8986 | $ Unknown |
| 7. | TD Ameritrade Account No. xxx-xx9234 | $ Unknown |
| | Total Separate Cash | $ Unknown |

# ESTATE OF ADEL SHESHTAWY

## MISCELLANEOUS PROPERTY

### SCHEDULE C

| Item No. | Description | Value on Date of Death |
|---|---|---|
| | **Separate Property** | |
| | **Vehicles:** | |
| 1. | 1989 Chevrolet C1500/ Gold VIN #2GCEC19K9K1188869 | $1300.00 |
| 2. | 2000 Ford F150/ White VIN #1FTZF1724YKA58020 | $2100.00 |
| 3. | 2001 Dodge Ram 1500 SLT 4DR/ Red Double[2] VIN #3B7HC13Z81G766159 | $5750.00 |
| 4. | 1998 Ford F150/ Blue VIN #1FTZX17W4WKB56011 | $3,000.00 |
| 5. | Household furnishings, personal items located at 12606 CaboBlanco Court, Houston, Texas 77041[3] | $4,000.00 |
| 6 | Household furnishings, personal items located at 6324 Cunningham, Houston, Texas 77041 | $5,000.00 |
| **Total Value:** | | $21,150.00 |

---

[5] Temporary Administrator has not taken possession of this personal property

# ESTATE OF ADEL SHESHTAWY

## CORPORATIONS

## SCHEDULE D

| Item No. | Description | Value on Date of Death |
|----------|-------------|------------------------|
| 1. | Ownership interest in Tri-Max Industries, Inc. | Undetermined |
| 2. | Ownership interest in Drill Bit Industries, Inc. | Undetermined |
| 3. | Ownership interest in Drill Tools (DTI), Inc.[4] | Undetermined |
| 4. | Ownership interest in AJZ Investments, Inc. | Undetermined |
| | Total Value | $ Undetermined |

## ESTATE OF ADEL SHESHTAWY

---

[4] Decedent listed a 65% Common Stock ownership on Schedule "B" of Drilling Tools DTI, Inc's 2009 form 1120 U.S. Corporation Income Tax Return; dated March 15, 2010.

# PATENTS

## SCHEDULE E

| Item No. | Description | Value on Date of Death |
|---|---|---|
| | **Separate Property** | |
| 1 | Canadian Patent No. 2,289,367 Drilling Tool with Extendable Elements | Undetermined |
| 2 | Great Britain Patent No. GB2344607 Drilling Tool with Extendable Elements | Undetermined |
| 3 | United States Patent No. 7,703,534 Underwater Seafloor Drilling Rig | Undetermined |
| 4 | United States Patent No. 6,189,631B1 Drilling Tool with Extendable Elements | Undetermined |
| 5 | United States Patent No. 3,937,278 Self-propelling apparatus for well logging tools | Undetermined |
| | Total Separate Patents | $ Undetermined |

## ESTATE OF ADEL SHESHTAWY

## SECURITIES, STOCKS & BONDS

## SCHEDULE F

| Item No. | Description | Value on Date of Death |
|---|---|---|
| 1 | British Petroleum (BP)<br>17 shares @ $37.81/ share | $642.77 |
| 2 | SEMISUB, INC (California Corporation)<br>50,000 Shares Authorized Capital Stock<br>Share # 128 dated October 10, 2008 | Undetermined |
| 3 | Tri-Max Industries, Inc.<br>-Stock No. 5, Shares 20,000 dated January 1, 1994<br>-Stock No. 6, Shares 20,000 dated January 1, 1994<br>-Stock No. 7, Shares 20,000 dated January 1, 1994 | Undetermined |

Total Value:                                        $ Undetermined

Respectfully submitted,

JONES | MORRIS | KLEVENHAGEN LLP

KEITH MORRIS
State Bar No.: 24032879
JOHN J. KLEVENHAGEN III
State Bar No. 90001652
ERIN E. JONES
State Bar No. 24032478
6363 Woodway Dr., Suite 570
Houston, Texas 77057
(713) 589-5061 – Phone
(713) 589-5513 – Fax

Attorneys Representing
Temporary Administrator

Cause No. 407,499

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## *ORDER APPROVING FIRST AMENDED INVENTORY & LIST OF CLAIMS*

The foregoing First Amended Inventory, Appraisement and List of Claims of the above Estate having been filed and presented and sworn to by Michael L. Fuqua, Temporary Administrator of the Estate of Adel Sheshtawy, Deceased; there having been no objections made thereto; and the Court, having considered and examined the same, is satisfied that it should be approved.

IT IS THEREFORE ORDERED that the foregoing Inventory, Appraisement and List of Claims is in all respects approved and ORDERED entered of record.

SIGNED on the _____ day of _____, 2012.


_____
JUDGE PRESIDING


*CONFORMED COPY REQUESTED*
*Please return a conformed copy to:*

MICHAEL L FUQUA
FUQUA & ASSOCIATES, P.C.
5005 RIVERWAY, STE. 250
HOUSTON, TEXAS 77019

KEITH MORRIS
JONES | MORRIS | KLEVENHAGEN, L.L.P.
6363 WOODWAY DR., SUITE 570
HOUSTON, TEXAS 77057

## VERIFICATION

**STATE OF TEXAS**           §
                             §
**COUNTY OF HARRIS**         §

BEFORE ME, the undersigned authority, on this day personally appeared **MICHAEL L. FUQUA**, who being sworn upon oath deposed and says that he has read the above and foregoing First Amended Inventory, Appraisement and List of Claims and that the information contained therein is within his personal knowledge and is true and correct.

_____
MICHAEL L. FUQUA

SUBSCRIBED AND SWORN TO before me on this the 23 day of February, 2012.

TOMMIE JO O'DOWD
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
FEB. 16, 2014

_____
Notary Public, State of Texas
Printed Name: Tommie Jo O'Dowd
Commission Expires: 2-16-2014

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of February 2012, a true and correct copy of the above and foregoing document has this day been sent by hand delivery and/or Facsimile to:

Mrs. Sarah Patel Pacheco
Mr. Vance Christopher
Crain, Caton & James, P.C.
1401 McKinney Street, Suite 1700
Houston, Texas 77010

*Counsel for Nader Sheshtawy and Hanya Sushache*

*Facsimile:  713.658-1921*

Mr. John E. Pipkin
Pipkin Ferguson
13201 Northwest Freeway, Suite 300
Houston, Texas 77040

*Counsel for Optidrill SA, Brant Oilfield Management & Sales and David Hal Hubbard*

*Facsimile:  713.961-54398*

Mr. William Harmeyer
William F. Harmeyer & Assoc., P.C.
7322 Southwest Freeway, Suite 475
Houston, Texas 77074

*Counsel for Farouk Sheshtawy*

713.270-7128

Mr. Aaron Pool
Ms Misty McDonald
Donato, Minx, Brown & Pool, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027

*Counsel for Valentina Sheshtawy, Indiv. and as Next Friend for Lily Sheshtawy and Nikolay Massev, minor children*

*Facsimile:  713.877-1112*

Mr. James Stilwell
Martin & Stilwell, LLP
1400 Woodloch Forest Dr., Ste 590
The Woodlands, Texas 77380

*Counsel for Tri-Max Industries, Inc.*

*Facsimile:  281.419-0250*

Ms. Johnna Teal
4100 Milam, Second Floor
Houston, Texas 77006

*Counsel for Drill Bit Industries, Inc.*

*Facsimile:  713.222-8204*

Mr. Philip Placzek
3730 Kirby Drive, Suite 1165
Houston, Texas 77098

*Counsel for Drill Tools (DTI), Inc.*

*Facsimile:  713.807-7581*

_____
Keith Morris
Counsel for Temporary Administrator

# EXHIBIT 2

PROBATE COURT 1

CAUSE NO. 407,499

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## ORDER APPOINTING DEPENDENT CO-ADMINISTRATORS

On this day the Court heard the Application to Appoint Independent Co-Administrators, Alternatively, Dependent Co-Administrators and for Issuance of Letters Administration of the Estate of Adel Sheshtawy ("Decedent"), and the Court finds as follows:

1. This Court has jurisdiction and venue over the Decedent's estate;

2. An Application to Appoint Independent Co-Administrators or Alternatively, Dependent Co-Administrators was filed with this Court on October 10, 2013;

3. The Application complies with the Texas Probate Code;

4. Citation has been served and returned in the manner and for the length of time required by the Texas Probate Code;

5. Decedent died on August 8, 2011;

6. Four (4) years have not elapsed since the date of death of Decedent;

7. Decedent died intestate;

8. There is a necessity for the administration of the estate to determine, collect, preserve, and distribute the assets of the estate;

9. That an heirship judgment has been entered declaring the heirs of Decedent's Estate;

078414/000001
130-938681v1

10. Applicants, Nader Sheshtawy and Hanya Sustache, are not disqualified by law to serve as Dependent Co-Administrators of this estate and are entitled to the issuance of Letters of Administration.

IT IS ACCORDINGLY,

ORDERED, that Nader Sheshtawy and Hanya Sustache, are appointed Dependent Co-Administrators of the Estate of Adel Sheshtawy, Deceased, and that Letters of Dependent Administration shall be granted to Nader Sheshtawy and Hanya Sustache upon taking of their Oath required by law and giving Bond in the sum of $ _100,000.00_, conditioned as required by law. It is further, ✳

ORDERED, that there is no need for the appointment of appraisers of this estate.

SIGNED on this the __10th__ day of December, 2013.

_Lynn N. Wright_
JUDGE PRESIDING

Rec/Ros 12/10/13

**APPROVED AS TO FORM:**

CRAIN, CATON & JAMES
A Professional Corporation

By: _Kathleen Tanner Beduze_
SARAH PATEL PACHECO
(TBA #00788164)
KATHLEEN TANNER BEDUZE
(TBA# 24052205)
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

Attorneys for Applicants

✳ ❋ ORDERED that the will dated June 5, 2006 is hereby denied probate.

2013 DEC 10 PM 4:46
COUNTY CLERK
HARRIS COUNTY, TEXAS
FILED

2

078414/000001
130 - 938681v1

# EXHIBIT 3

**NO. 425,238**

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| THE ESTATE OF | § | |
| | § | |
| LILY ALEXANDRA SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| A MINOR | § | HARRIS COUNTY, TEXAS |

### APPLICATION FOR AUTHORITY FOR GUARDIAN TO ENTER INTO SETTLEMENT (A.K.A. – DISTRIBUTION) AGREEMENT REGARDING THE ESTATE OF ADEL SHESHTAWY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Applicant W. CAMERON McCULLOCH, in his capacity as the Court appointed and duly qualified Guardian of the Estate of LILY ALEXANDRA SHESHTAWY, A Minor (hereinafter referred to as "Applicant"), and files this his Application for Authority for Guardian to Enter into Settlement (a.k.a. – Distribution) Agreement regarding the Estate of Adel Sheshtawy, Deceased, and in support thereof would respectfully show the Court the following:

1.

Applicant was appointed by the Court to serve as the Guardian of the Estate of Lily Alexandra Sheshtawy, a Minor (hereinafter referred to as "Lily") by Order of this Court, dated January 22, 2014. Applicant qualified as the Guardian of Lily's estate on January 30, 2014, and has continued to serve in his Court appointed capacity at all times since his date of qualification.

2.

Lily is one of Adel Sheshtawy's three biological children. Adel Sheshtawy (hereinafter referred to as the "Decedent") died on August 8, 2011.

0043500
Page 1

COUNTY CLERK
HARRIS COUNTY, TEXAS
2015 JAN 23 PM 2:48
FILED

3.

After Decedent passed away, litigation ensued between Lily's mother, Valentina Sheshtawy, and Lily's half-siblings (a.k.a. – Decedent's other two children – Nader Sheshtawy and Hanya Sustache). The litigation concerned Valentina Sheshtawy's assertion/allegation that she was the Decedent's surviving common law spouse. The common law marriage claim was ultimately settled; however, Valentia Sheshtawy has subsequently repudiated the Settlement Agreement[1]. The validity of the aforementioned Settlement Agreement is now the subject of an appeal which is currently pending in the Fourteenth Court of Appeals under Cause Number 14-14-00515-CV.

4.

In addition to the common law marriage lawsuit which is described above, litigation has also occurred between the Decedent's Estate and Decedent's surviving brother, Farouk Sheshtawy, regarding the ownership of certain assets. More specifically, the Decedent's surviving brother, Farouk Sheshtawy, previously asserted ownership claims to assets which belonged to Decedent at the time of his death. The litigation between Decedent's Estate and bother (a.k.a. – Farouk Sheshtawy) was ultimately resolved, by and through a Court approved settlement agreement.

5.

As alluded to above (and as a result of the Settlement Agreement), the Court previously declared and determined that the Decedent has three surviving heirs at law. More specifically, the Decedent's three surviving heirs at law are the Decedent's three biological children, Nader

---

[1] A Rule 11 and Final Settlement Agreement for the common law marriage lawsuit was entered into by and between Valentina Sheshtawy, Applicant, Nader Sheshtawy and Hanya Sustache on May 28, 2013. On July 17, 2013, the Court, after due notice and consideration, found that the terms of the Settlement Agreement were in Lily's best interest, and approved the Settlement Agreement in all respects.

Sheshtawy, Hanya Sustache and Lily. A true and correct copy of the Judgment Declaring Heirship for the Decedent's Estate is attached to this Application as Exhibit "A", and incorporated herein for all purposes. As a result of the foregoing and attached heirship Judgment, the Decedent's three surviving children and sole heirs at law - Nader Sheshtawy, Hanya Sustache and Lily – each own an undivided one-third interest in the assets which belong to the Decedent's Estate.

6.

In an effort to divide and separate Lily's undivided one-third interest from the undivided interests of Nader Sheshtawy and Hanya Sustache, the undersigned (on behalf of Lily) – together with counsel for Nader Sheshtawy and Hanya Sustache – negotiated a settlement (a.k.a. – distribution) agreement for the assets that Nader Sheshtawy, Hanya Sustache and Lily have collectively inherited from the Decedent's Estate. A true and correct copy of the proposed Settlement Agreement is attached to this Application as Exhibit "B", and incorporated herein for all purposes. The Settlement Agreement is subject to the approval of the Court.

7.

By and through the filing of this Application, Applicant is seeking authority from the Court to enter into the Settlement Agreement which is attached hereto as Exhibit "B", as well as for authority to execute any other documents which are necessary or appropriate to effectuate and/or implement the terms and provisions of the Settlement Agreement. This Application is being filed pursuant to Section 1151.102 of the Texas Estates Code, as well as any other appropriate sections of the Texas Estates Code, for the purpose of obtaining the requisite Court authority for Applicant to enter into the Settlement Agreement (see atatched Exhibit "B") on Lily's behalf.

8.

Applicant alleges and thereon believes that the terms and provisions of the Settlement Agreement (see attached Exhibit "B") are in Lily's bests interest, and should therefore be approved by the Court.

WHEREFORE, PREMISES CONSIDERED, Applicant prays (i) that the Court approve the Settlement Agreement which has been attached hereto as Exhibit "B"; (ii) that the Court authorize Applicant to enter into the Settlement Agreement on Lily's behalf; (iii) that the Court authorize Applicant to execute any other documents which are necessary or appropriate to effectuate and/or implement the terms and provisions of the Settlement Agreement; and (iii) that Applicant have and recover such other and further relief as he may show himself justly entitled to receive.

Respectfully submitted,

MacINTYRE, McCULLOCH, STANFIELD
& YOUNG, LLP

By: _____
W. CAMERON McCULLOCH
State Bar Number 00788930
CHRISTOPHER C. BURT
State Bar Number 24068339
2900 Weslayan, Suite 150
Houston, Texas 77027
(713) 572 - 2900
(713) 572 - 2902 (FAX)

ATTORNEY FOR APPLICANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following - via United States Certified Mail, return receipt requested, and/or via facsimile - on this the _____ day of January, 2015:

Ms. Sarah Patel Pacheco
Ms. Kathleen Tanner Beduze
Crain Caton & James, PC
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-1921 (Fax)
*Attorneys for Nader Sheshtawy & Hanya Sustache.*

Ms. Valentina Sheshtawy
12206 Cabo Blanco Court
Houston, Texas 77041

Mr. Peter J. Bennett
Ms. Ann T-Ngo
Peter J. Bennett, P.C.
202 Travis Street, Suite 207
Houston, Texas 77002
(713) 568-2411 (Fax)

Mr. Michael L. Fuqua
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-1064 (Fax)
*Temporary Administrator*

_____
W. Cameron McCulloch
Christopher C. Burt

# EXHIBIT "A"

CAUSE NO. 407,499

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## JUDGMENT DECLARING HEIRSHIP

On this day came on for trial in the above proceeding the determination of the heirship and the shares and interests of the heirs of Adel Sheshtawy, Deceased ("Decedent"), pursuant to the Application for Declaration of Heirship ("Application") filed by Nader Sheshtawy and Hanya Sustache ("Applicants"); and it appearing to the Court that the known living heirs of Decedent have joined in the Application; that there are no unknown heirs; that the Court has jurisdiction of the subject matter of this proceeding and of all persons and parties hereto; that Applicants presented the Application duly supported by the requisite Affidavits, praying that the Court declare the heirship and the shares and interests of the heirs of Decedent; and Applicants, all parties, and Michael Fuqua, Attorney Ad Litem for unknown heirs announced ready for trial, a jury having been waived; and the Court having heard and considered the pleadings of the parties and the evidence presented thereupon, this Court, sitting without a jury, hereby makes the following findings from the evidence presented, which the Court finds to be clear and convincing, to wit:

1. That Decedent died in Houston, Harris County, Texas on August 8, 2011;

2. That Decedent resided and was domiciled in Harris County, Texas at the time of his death;

3. That this Court has jurisdiction and venue over the estate of Decedent and over this matter;

078414/000001
130-938698v1


EXHIBIT "A"

4. That citation has been served and returned in the manner and for the length of time required by the Texas Probate Code;

5. That W. Cameron McCulloch, Jr. was appointed Attorney Ad Litem to represent Lily A. Sheshtawy, a minor child.

6. That Michael Fuqua was appointed Attorney Ad Litem to represent the interests of any unknown heirs;

7. That Decedent left no valid Will;

8. That at the time of his death, Decedent was not married.

9. That three children were born to Decedent: Nader Sheshtawy, Hanya Sustache, and Lily Alexandra Sheshtawy. No other children were born to or adopted by Decedent, and all children are living;

10. That the name and last known residence of the known heirs of Decedent at the date of Decedent's death and the true share and interest of each such heir in Decedent's estate is as follows:

| Name and Address | Status | Interest in Estate |
| --- | --- | --- |
| Nader Sheshtawy<br>1121 Lashbrook<br>Houston, Texas 77077<br>(Son) | Adult | 1/3 of the Decedent's estate, subject to all agreements regarding the distribution of the estate |
| Hanya Sustache<br>3734 Arundel Garden<br>Sugarland, Texas 77498<br>(Daughter) | Adult | 1/3 of the Decedent's estate, subject to all agreements regarding the distribution of the estate |
| Lily A. Sheshtawy<br>12206 Cabo Blanco Court<br>Houston, Texas 77041<br>(Daughter) | Minor Child | 1/3 of the Decedent's estate, subject to all agreements regarding the distribution of the estate |

11. That no person other than the heirs heretofore set forth in Paragraph 9 are entitled to any interest in the property of Decedent as an heir of Decedent.

It further appearing to the Court that the evidence developed the above findings and such findings were each fully proved and were so proved in support of this Judgment; that all of the evidence so admitted to this Court has been duly reduced to writing and sworn to by the witnesses in support of their written testimony in open Court; that such writings have been duly filed herein and recorded in the minutes of the Court; and, the Court being of the opinion that the heirship of Decedent has been fully and satisfactorily proved, as well as the interest and share of each of such heir therein, it is, accordingly,

ORDERED by the Court that the only heirs of Adel Sheshtawy, Deceased, the place of residence, each such heir's share and interest in the Estate, and the heir's relationship to the Decedent is as heretofore set forth in Paragraph 10 above to which reference is here made for all purposes. It is further,

ORDERED that Michael Fuqua, Attorney Ad Litem for Decedent's unknown heirs shall be paid by separate order and is hereby discharged as Attorney Ad Litem in this Cause.

SIGNED this 19th day of December, 2013.

_____
JUDGE PRESIDING

Rec /RCS 12/19/13.

078414/000001
130 - 938698v1

**APPROVED AS TO FORM ONLY:**

CRAIN, CATON & JAMES
A Professional Corporation

BY: *Kathleen Tanner Beduze*

SARAH PATEL PACHECO
(TBA #00788164)
KATHLEEN TANNER BEDUZE
(TBA #24052205)
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for Applicants*

FUQUA & ASSOCIATES

BY: *Michael Fuqua*

MICHAEL FUQUA
(TBA #24055511)
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-0277
(713) 960-1064 (Facsimile)

*Attorney Ad Litem for Unknown Heirs*

MacINTYRE & McCULLOCH, P.C.

By: *Cameron McCulloch by permission*

W. CAMERON McCULLOCH, JR.
Texas Bar No. 00788930
3900 Essex Lane, Ste. 220
(713) 572-2900
(713) 572-2902 Fax

*Attorney Ad Litem for Lily A. Sheshtawy*

078414/000001
130 - 938698v1

4

# EXHIBIT "B"

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| ADEL SHESHTAWY | § | NUMBER ONE (1) OF |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

## FAMILY SETTLEMENT & DISTRIBUTION AGREEMENT

THIS FAMILY SETTLEMENT & DISTRIBUTION AGREEMENT ("this Agreement") is made and entered into by and among the Parties as defined in this Agreement.

### Article I: Definitions

1.1     The Parties to this Agreement are defined as follows:

    a.    The term "Guardian" shall refer to W. Cameron McCulloch, Jr., as Guardian of the Estate of Lily A. Sheshtawy, a minor.

    b.    The term "Nader" shall refer to Nader Sheshtawy, in all capacities.

    c.    The term "Hanya" shall refer to Hanya Sustache, in all capacities.

1.2     The terms "Adel" and "Decedent" shall refer to Adel Sheshtawy, Deceased.

1.3     The terms "Affiliate" or "Affiliates" of the person or entity designated shall refer to such person in their individual capacity and such person or entity's spouse (including a former or future spouse), assigns, trustees, employees, and accountants.

1.4     The term "Agreement" shall refer to this Rule 11 and Final Settlement Agreement.

1.5     The term "Decedent's Estate" shall refer to the Estate of Adel Sheshtawy, including, but not limited to, all assets passing under the Last Will and Testament of Adel Sheshtawy, and admitted to probate in cause number 407,499.

1.6     The term "Cabo Blanco Property" shall refer to the property commonly known as 12206 Cabo Blanco Court, Houston, Texas 77041.

1.7     The term "Claims" shall refer to and include any and all claims, causes of action, debts, demands, actions, costs, expenses, losses, damages, charges, challenges, contests, liabilities, promises, agreements, deceptive practice claims, claims in equity, suits, and all other obligations and liabilities of whatsoever nature KNOWN and UNKNOWN, fixed or contingent, liquidated or unliquidated, anticipated or unanticipated, at law or in equity, for any type of relief or redress, including but not limited to money damages, whether founded on contract, tort (including but not limited to tortious interference with



EXHIBIT "B"

inheritance rights, conversion, fraud, tax issues, undue influence, false representation, conscious indifference, reckless disregard, and/or malicious conduct), fiduciary duty, NEGLIGENCE, gross negligence, intentional infliction of emotional distress, reimbursement, breach of fiduciary duty to disclose material information, indebtedness, FRAUDULENT INDUCEMENT, and any other ground, whether or not asserted, which any person has, may have, or have had against the released and/or indemnified party, now existing or arising in the future, including the claims brought or which could have been brought by Valentina through the effective date of the Agreement relating to Nader, Hanya, the Lawsuit, Decedent's Estate, including any claims of common law marriage, save and except warranties and representations under this Agreement. THE PARTIES AGREE THAT THE DEFINITION OF "CLAIMS" IS AND SHALL BE AS BROAD AS THE LAW WILL ALLOW.

1.8    The term "Companies" shall refer to any one or all of the following: Drill Bit Industries, Drilling Tools, Inc., and Tri-Max Industries, Inc., and all of its officers, directors, employees, agents, independent contractors, accountants, attorneys, associates, predecessors, successors, and all other natural persons or legal or business entities acting, or purporting to act, for or on its behalf.

1.9    The term "Effective Date" shall refer to the date that is later of (i) the date that the last Party signs this Agreement, or (ii) the date that the Court approves Guardian entering into this Agreement.

1.10   The term "Estate" shall refer to the above referenced estate pending under Cause Number 407,499; In the Estate of Adel Sheshtawy; In Probate Court No. 1 of Harris County, Texas, including, but not limited to, all sub-dockets.

1.11   The term "Cunningham Land" shall refer to the real property owned by Drill Bits Industries, generally known as 6324 Cunningham Road, Houston, Texas 77041 and 6323 Thomas Road, Houston, Texas 77401.

1.12   The term "Lily" means Lily A. Sheshtawy, a minor child.

1.13   The terms "the Parties" or "the Parties hereto" shall collectively refer to Guardian, Nader, and Hanya.

1.14   The term "Party" shall refer to any one of Guardian, Nader, and Hanya.

1.15   The term "Temporary Administrator" shall refer to Michael Fuqua, as Temporary Administrator of Decedent's Estate.

1.16   The term "Valentina" shall refer to Lily's mother, Valentina Spassova Tasseva.

## Article II: Recitals

WHEREAS, Adel died on August 8, 2011.

WHEREAS, after Adel's death, various lawsuits have been filed that Nader and Hanya defended against to the benefit of the Estate and its heirs.

WHEREAS, Nader and Hanya have incurred legal fees and expenses in the amount of $96,152.84 opposing the probate of the invalid Will offered by Farouk Sheshtawy and seeking to establish Lily and themselves as the sole heirs of the Estate.

WHEREAS, Nader and Hanya have incurred legal fees and expenses in the amount of $158,910.33 in defending against Valentina's claim to be a common law spouse.

WHEREAS, Nader and Hanya have incurred legal fees and expenses in the amount of $203,157.04 in the defense of Farouk Sheshtawy's claims against the Decedent's Estate, including claims of ownership of the Cabo Blanco Property and the Companies.

WHEREAS, Nader and Hanya have incurred legal fees and expenses in the amount of $4,841.16 in filing and obtaining the appointment of a guardian for Lily.

WHEREAS, Lily, Nader and Hanya have been determined to be the sole heirs of Decedent pursuant to the Final Judgment Determining and Declaring Heirship.

WHEREAS, under various judgments, Nader and Hanya are entitled to reimbursement of legal fee and expenses in defending these lawsuits that have benefited of Decedent's Estate and its heirs.

WHEREAS, the value of the Cabo Blanco Property is at least $650,000 based on a recent offer.

WHEREAS, the value of the Cunningham Property is at $1,195,000 based on a recent appraisal.

WHEREAS, there are various alleged creditors of the Estate that have not established their claims to date, including Brant Oil Management & Sales, as of the Effective Date, that have made claims that they are due various damages including $125,000, pre and post judgment interest, taxing authorities, claims of prior attorneys of Decedent and related to the Estate, all of which could exceed $250,000 if properly established.

WHEREAS, there are substantial future administration fees and expenses of the Estate including Mr. Fuqua's fees, Mr. McCulloch's fees, the fees and expenses to settle the pending creditors, including the litigation filed by Brant Oil Management & Sales, legal, accounting and tax advisor fees and expenses and possible increased fees due to Valentina's continued interferences with the administration of the Estate, including in the trial and appellate courts, which could exceed $150,000 at a minimum.

WHEREAS, this Agreement is made to settle the various interests of Lily, Hanya and Nader in the Estate, amounts due Nader and Hanya and provide for a means to administer and wind up the Estate after the Effective Date.

WHEREAS, by executing this Agreement, no Party hereto concedes any legal or factual contentions of the other Party, but specifically denies same and enters into this Agreement solely to terminate and settle the Claims between themselves in an effort to minimize costs, expenses, attorneys' fees, and, most of all, to buy peace.

### Article III: Agreements

For and in consideration of the premises, the mutual covenants and the terms hereunder, the sufficiency of which consideration is hereby mutually acknowledged, the Parties to this Agreement hereby agree as follows:

3.1     **Division of Estate.**

a.     In full and final settlement of all her interest in and possible claims against the Estate, Lily will receive the following:

i)     The Cabo Blanco Property, subject to the obligation pursuant to the terms of the Rule 11 and Final Settlement Agreement between the Parties and Valentina that provides Valentina and her attorney, Mr. Worley, the sum of $100,000 from the sales proceeds of the Cabo Blanco Property when sold.

ii)     An assignment of any claims of the Decedent's Estate against Valentina relating to Valentina's misapplication of the $24,000 family allowance paid by Temporary Administrator to Valentina for Lily's use and benefit;

iii)     An assignment of any claims of the Decedent's Estate against Valentina relating to Valentina's misapplication of the $20,000 she was to use to purchase a reliable car to transport Lily pursuant to the Rule 11 and Final Settlement Agreement between the Parties and Valentina;

iv)     Nader agrees that the amounts loaned to Temporary Administrator shall be repaid from the other assets of Decedent's Estate and waives the obligation to be repaid from the proceeds of the Cabo Blanco Property;

v)     Guardian acknowledges and agrees that the foregoing assets shall be in full and final settlement of all amounts due Lily or Guardian from Temporary Administrator, Nader and/or Hanya, including any interest in the assets of Decedent's Estate, Nader's assets, and Hanya's assets, as an heir, creditor or otherwise; and

vi)     The Parties do not hereby seek to waive any homestead protections that may exist under Texas law as to the Cabo Blanco Property.

b.     Nader shall be repaid the following loans previously made to Temporary Administrator within 30 days of the Effective Date, as Class 2 Claims:

i) The $24,000 loaned to Temporary Administrator, along with all accrued interest, in order to fund the family allowance to Lily, as evidenced by the Promissory Note; and

ii) The $45,000 loaned to Temporary Administrator, along with all accrued interest, pursuant to the Rule 11 and Final Settlement Agreement between the Parties and Valentina, as evidenced by the Promissory Note.

c. Nader and Hanya shall be entitled to reimbursement of the following legal fees and expenses, within 30 days of the Effective Date, as Class 2 Claim against the Decedent's Estates:

i) Legal fees and expenses in the amount of $96,152.84 incurred in the administration and preservation of Decedent's Estate;

ii) Legal fees and expenses in the amount of $158,910.33 incurred in the defense of Valentina's claim to be a common law spouse;

iii) Legal fees and expenses in the amount of $203,157.04 incurred in the defense of Farouk Sheshtawy's claims against the Decedent's Estate, including a claim to Cabo Blanco Property and the Companies; and

iv) Legal fees and expenses in the amount of $4,841.16 incurred in filing and seeking the appointment of a guardian for Lily.

d. The Parties agree that to the extent that the cash assets of Decedent's Estate are insufficient to provide for the full repayment of Nader and Hanya of the amounts listed in subparagraphs b and c above, they shall be entitled to payment in the form of noncash assets.

e. Subject to any remaining debts and administration expenses as finally determined to be validly due from Decedent's Estate, Nader and Hanya shall be entitled to receive, in equal shares, any remaining assets of Decedent's Estate, including any interest in the Companies and the Cunningham Land.

## 3.2 Administration of Estate.

a. Guardian agrees that Nader and Hanya may jointly or individually, as Nader and Hanya may decide between themselves, seek to be appointed as Independent Administrator(s) of Decedent's Estate. Guardian agrees to execute such documents as may be necessary to allow the appointment of Nader and Hanya, jointly or individually as they may decide, as Independent Administrator(s) of Decedent's Estate.

b. Nader and Hanya shall have the right to pay and/or to be reimbursed from Decedent's Estate any administration expenses, including legal fees and expenses incurred in the future administration of Decedent's Estate; provided they agree that they will not seek recovery of such fees and expenses from the assets to be received by Guardian and Lily under this Agreement.

c. Upon the approval of this Agreement by the Court and the distribution of the Cabo Blanco Property, Guardian and Lily and their successors shall have no remaining interest in the future administration of the Decedent's Estate and shall never interfere with the administration of Decedent's Estate and shall have no standing in Decedent's Estate, other than to enforce the terms of this Agreement.

d. Guardian acknowledges and agrees that, Nader, Hanya and Temporary Administrator owe no fiduciary duties or other obligations to Guardian or Lily and Guardian and Lily shall have no interest in, claim against or standing with regarding to Decedent's Estate after the Effective Date other than to enforce the terms of this Agreement.

## 3.3 **Agreement to Execute Additional Documents**.

a. In the event that execution of any additional documents is necessary to effectuate the terms of this Agreement, the Parties agree that they will cooperate with one another to effectuate the consummation of the transactions, including the following:

i) All such requisite executed documentation, assignments, deeds, bills of sale and stock transfers as may be necessary to complete the discharge or transfer of any assets in compliance with this Agreement.

ii) Confirm to any third party the ownership of any assets pursuant to the terms of this Agreement.

## 3.4 **Release Of Claims**

a. Save and except for the express obligations under the terms of this Agreement, Guardian does hereby forever release and discharge Temporary Administrator, Decedent's Estate, Nader and Hanya, individually and in all fiduciary capacities, and all of their predecessors, successors and affiliates of and from any and all Claims, including, but not limited to, any claims to any assets or alleged assets of Decedent's Estate.

b. Save and except for the express obligations under the terms of this Agreement, Hanya and Nader hereby forever release and discharge Guardian and Lily of and from any and all Claims.

## 3.5 **Representations And Warranties**

a. Each Party hereby stipulates, represents and warrants to each of the other Parties, as follows:

i) That he or she is the current legal and beneficial owner of all of the Claims released hereby, as well as the Claims asserted by him or her orally or in

written form with respect to any litigation he or she could have brought with respect to matters covered by this Agreement, including the Claims;

ii) That he or she has not assigned, pledged or contracted to assign or pledge to any other person or entity any interest he or she may have in the Claims;

iii) That the terms and provisions of this Agreement are valid, binding and enforceable as against himself or herself, any such Party's successors and affiliates;

iv) That he or she is adequately represented by competent counsel of his or her choosing in connection with the execution and delivery of this Agreement and in any and all matters relating thereto, or has voluntarily waived such right to seek the advice of a legal advisor;

v) That he or she is not under any form of legal disability or incapacity at the time he or she executes this Agreement;

vi) That Sarah Patel Pacheco, and the law firm of Crain, Caton & James, P.C., solely represent Nader and Hanya and does not and has never represented any other Party and has not provided any other Party legal advice or services, or made any representation to any other Party;

vii) That W. Cameron McCulloch, Jr., solely represents Lily's interest and does not and has never represented any other Party and has not provided any other Party legal advice or services or made any representations to any other Party;

viii) That in executing this Agreement, each Party has relied upon his or her own judgment and the advice of his or her own attorneys, and further, that he or she has not been induced to sign or execute this Agreement by promises, agreements or representations not expressly stated herein, and he or she has freely and willingly executed this Agreement and expressly disclaims reliance upon any facts, promises, undertakings, or representations made by any other Party, or by such Party's Affiliates;

ix) That the consent of such Party to this Agreement was not procured, obtained or induced by improper conduct, undue influence or duress;

x) That such Party either (1) has knowledge of all relevant and material information and facts and has been fully informed, including by advice of counsel, concerning the existence of potential Claims or any other Party including other additional affirmative or defensive Claims arising from all matters known to him or her and arising during the period of negotiations leading to and culminating in the execution by him or her of this

Agreement, in order for him or her to make an informed and considered decision to enter into this Agreement, and/or (2) specifically and after advice of counsel is waiving (a) any right to obtain or demand, and (b) any obligation of any other Party;

xi) That he or she is not in a significantly disparate bargaining position with regard to any other Party.

b. Each Party understands and agrees that each other Party has relied upon these representations and warranties in entering into this Agreement.

## 3.6 Miscellaneous Provisions

a. Parties Bound. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective Affiliates and Successors.

b. Party's Attorney's Fees and Expenses Incurred to Date. Except as provided under this Agreement, each Party hereby agrees to be responsible for his or her own respective attorney's fees, costs, and expenses through the date of this Agreement, including their respective attorney's fees, costs, and expenses necessary and/or incurred in the effectuation of this Agreement.

c. Attorney's Fees and Expenses for Breach of Agreement. The Parties agree that if it becomes necessary to assert any claim to enforce or defend the provisions of this Agreement, the prevailing Party shall be entitled to recover reasonable attorney's fees and other related litigation expenses from the non-prevailing Party.

d. No Oral Modification. No amendment, modification, waiver, or consent with respect to any provision of any of this Agreement shall be effective unless the same shall be in writing and signed by the Party or Parties hereto against whom enforcement of the amendment, modification, waiver or consent is sought.

e. Counterparts. This Agreement may be executed simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute a single instrument. This Agreement shall only be binding when one or more counterparts hereof, individually or taken together, shall bear all signatures of the Parties hereto reflected hereon as signatories.

f. Choice of Law. This Agreement shall be governed pursuant to the laws of the State of Texas.

g. Choice of Venue. Harris County, Texas shall be the appropriate and exclusive venue for any suit arising out of this Agreement.

h.     <u>Assignment</u>. This Agreement and the rights and obligations of the Parties hereto shall not be assigned or delegated by any Party hereto without the prior written consent of the other Parties hereof.

i.     <u>Incorporation</u>. All Exhibits attached hereto are hereby incorporated by reference in this Agreement for the purposes set forth above.

j.     <u>Headings</u>. The paragraph headings and sub-headings used herein are for descriptive purposes only. The headings have no substantive meaning and the terms of this Agreement shall not be affected by such headings.

k.     THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES HERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL OR WRITTEN AGREEMENTS BETWEEN OR AMONG ONE OR MORE OF THE PARTIES HERETO. EACH PARTY WAIVES ANY CLAIMS THAT HE OR SHE WAS FRAUDULENTLY INDUCED TO ENTER INTO THIS AGREEMENT.

PARTIES:

_____

W. Cameron McCulloch, Jr., as Guardian of the Estate of Lily A. Sheshtawy, a minor child

_____

Nader Sheshtawy

_____

Hanya Sustache

STATE OF TEXAS       §
                             §
COUNTY OF _____  §

This instrument was acknowledged before me, this _____day of _____, 2014, by, W. Cameron McCulloch, Jr., as Guardian of the Estate of Lily Sheshtawy, a minor child.

_____

NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS       §
                             §
COUNTY OF _____  §

This instrument was acknowledged before me, this _____ day of _____, 2014, by, Nader Sheshtawy.

_____

NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS       §
                             §
COUNTY OF _____  §

This instrument was acknowledged before me, this _____ day of _____, 2014, by, Hanya Sustache.

_____

NOTARY PUBLIC, STATE OF TEXAS

EXHIBIT 4

NO. 425,238

2015 FEB 13 PM 43 FILED

| | | |
|---|---|---|
| IN THE ESTATE | § | IN THE PROBATE COURT ONE |
| OF LILY SHESHTAWY, | § | OF HARRIS COUNTY, TEXAS |
| A MINOR | § | |

# COMPLAINT AGAINST CAMERON McCULLOCH, GUARDIAN OF THE ESTATE OF LILY SHESHTAWY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, VALENTINA SPASSOVA SHESHTAWY, the mother of LILY ALEXANDRA SHESHTAWY (hereinafter sometimes referred as "Lily"), and files this COMPLAINT AGAINST MR. CAMERON McCULLOCH, A GUARDIAN OF THE ESTATE OF LILY SHESHTAWY, a minor child and will respectfully show the court the following:

I.    Mr McCulloch who qualified to serve as Guardian of the Estate of my minor child Lily Alexandra Sheshtawy on or about January 30, 2014 has the duty to file an Application for Monthly Allowance for approval by the court within thirty (30) days of his appointment. Mr McCulloch did not comply with this requirement.

II.   On June 19, 2014, four and a half months after his appointment, Mr.McCulloch filed an Application to Postpone the Requirement to File an Application for a Monthly Allowance Pending the Funding of the Guardianship Estate. Valentina Sheshtawy, the mother of Lily Sheshtawy and an interested person in the wellbeing of her minor daughter was not served with the document. The court signed the order on that application on July 1, 2014.

III. Valentina Sheshtawy, filed Application to Set Aside the court order signed on July 1, 2014 because she was not served with the documents. A hearing to said aside the court order dated July 1, 2014 was held on December 11, 2014. The Judge did not sign an Order to Set Aside previous order.

IV. The guardian of the estate shall take care of and manage the estate as a prudent person would manage the person's own affairs. EST.§1151.151. Mr.McCulloch does not act as a prudent person protecting the rights of a minor child, and instead to protect Lily Sheshtawy's interest in the estate of her father, is acting against Lily's best interest. Lily Sheshtawy is only six years old at present.

V. On January 23, 2015, Mr McCulloch filed Application seeking authority to enter into a settlement agreement disposing Lily Sheshtawy's inheritance rights from the estate of her father Adel Sheshtawy in exchange of Lily's primary residence which by the Texas Constitution is a homestead.

VI. Valentina Spassova Sheshtawy has the duty to inform the court that Mr. McCulloch is performing or is attempting to perform unlawful actions on behalf of her minor daughter Lily Alexandra Sheshtawy, namely disposing her interest in the estate of her father Adel Sheshtawy.

VII. The Settlement Agreement, titled <u>FAMILY SETTLEMENT & DISTRIBUTION AGREEMENT</u> for which Mr.McCulloch as a Guardian of Estate for Lily Sheshtawy, is seeking the court's approval **contains unlawful provisions and constitutes torturous interference with Lily's inheritance rights and for that reason Mr.McCulloch should be released to serve as a Guardian of Estate for Lily Sheshtawy.**

VIII. The Estate of Lily's father has not been properly appraised in accordance with the law, and therefore cannot be distributed at this time.

IX.  Lily Alexandra Sheshtawy is entitled to receive inheritance from the estate of her father Adel Sheshtawy. Lily Sheshtawy is entitled to receive her preserved portion of the estate of Adel Sheshtawy as of the date he passed away on August 8, 2011.

For reasons, stated above, Valentina Spassova Sheshtawy, requests that this court cite Mr.McCulloch to appear and answer. Valentina Spassova Sheshtawy will file her responses on Mr.McCulloch's Application for Authority for Guardian to Enter into Settlement (a.k.a.-distribution) Agreement Regarding the Estate of Adel Sheshtawy, in addition to this Complaint.

Valentina Spassova Sheshtawy prays that Mr.McCulloch is removed to serve as a Guardian of the Estate and/ or Attorney Ad Litem for Lily Alexandra Sheshtawy and his Letters be revoked.

Respectfully submitted,

*Valentina Sheshtawy*

Valentina Sheshtawy
12206 Cabo Blanco Ct.
Houston, Texas 77041
832-721-3606
valentinasheshtawy@yahoo.com

## CERTIFICATE OF SERVICE

I certify that true and correct copy of the foregoing instrument was sent by facsimile and/or e-mail, on __13__ day of February, 2015 to the following parties:

W. Cameron McCulloch                          *Guardian of Estate for Lily*
MacIntyre Mcculloch Stanfield & Young, LLP    *Sheshtawy, Minor*
2900 Weslayan, Suite 150
Houston, Texas 77027
Phone: 713-572-2900
Fax: 713-572-2902
Cameron.McCulloch@mmlawtexas.com


Michael Fuqua                                 *Temporary Administrator*
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, Texas 77056
Phone: 713-960-0277
Fax: 713-960-1064


Sarah Pacheco                                 *Attorneys for Nader*
Kathleen Tanner Beduze                        *Sheshtawy and Hanya*
Crain Caton & James, PC                       *Sustache*
Five Houston Center
1401 McKinney, 17th floor
Houston, Texas 77010
Fax: 713-658-1921

# EXHIBIT 5

NO. 425,238

| IN THE GUARDIANSHIP | § | IN THE PROBATE COURT ONE |
| OF THE ESTATE OF | § | OF HARRIS COUNTY, TEXAS |
| LILY SHESHTAWY, | § | |
| A MINOR | § | |

**IN RESPONSE TO APPLICATION FOR AUTHORITY**
**FOR GUARDIAN TO ENTER INTO SETTLEMENT**
**(A.K.A.- DISTRIBUTION) AGREEMENT**
**REGUARDING THE ESTATE OF ADEL SHESHTAWY**
**INCORPORATED BY REFERENCE WITH THE COMPLAINT AGAINST**
**CAMERON McCULLOCH**

TO THE HONORABLE JUDGE OF SAID COURT:

Valentina Spassova Sheshtawy (hereinafter referred as to "Valentina"), as an interested party, and the mother of Lily Alexandra Sheshtawy, a minor child (hereinafter referred to as "Lily"), filed a **Complaint against Cameron McCulloch, Guardian of the Estate of Lily Sheshtawy** on February 13, 2015, and in support of the Complaint, and in response to Mr. McCulloch's **Application for Authority for Guardian to Enter into Settlement (a.k.a.- distribution) Agreement Reguarding the Estate of Adel Sheshtawy**, will respectfully show the court the following:

The family settlement agreement, presented by Mr.McChulloch for which he is seeking approval by the court, is not in Lily's interest; it causes monetary damages to Lily; constitutes provisions contrary to Lily's inheritance rights; reduces Lily's fair share of her father's estate and is causing harm to the minor child.

I.  The estate of Adel Sheshtawy – Lily's father has not been appraised. Appraisement of estate is a statutory requirement. Valentina filed a complaint against the Temporary Administrator, Mr Fuqua under the

base proceeding 407,499, on or about June 16, 2014. In this complaint, Valentina complained to the court about improper inventory and raised the issue of assets belonging to the estate of Adel Sheshtawy not being appraised. Mr.McCulloch did not raise the same issues in court on Lily's behalf at that time, and/or after.

1.1. The Temporary Administrator has the duty to prepare and file with the court clerk a single written instrument that contains a verified, full, and detailed inventory in which the appraisement is set out before the 91 day after he qualifies. EST. 309.051(b) The personal representative shall:

(1) set out in the inventory the representative's **appraisement of the fair market value on the date of the decedent's death of each item in the inventory** (emphases added): or

(2) if the court has appointed one or more appraisers for the estate:

(A) determine the fair market value of each item in the inventory with the assistance of the appraiser or appraisers; and

(B) set out that appraisement in the inventory.

1.2.. Valentina Spassova Sheshtawy has previously raised the issue that Mr Fuqua as a Temporary Administrator of the estate of Adel Sheshtawy had filed inventory without an appraisement and the court approved the document without appraisement.

Mr Fuqua was issued LETTERS OF TEMPORARY ADMINISTRATION on October the 17, 2011. At any time after letters of testamentary or of administration are granted, the court, for good cause, on the court's own motion or on the motion of an interested party shall appoint at least one but not more than three disinterested persons who are residents of the county in which the letters were granted to appraise the estate properly. EST. § 309.001.

1.3. When Mr. McCulloch was appointed to serve as Attorney Ad Litem for Lily he should notice that there was no appraisement of the assets of the estate of Adel Sheshtawy. As an Attorney Ad Litem and/or Guardian of the Estate for Lily Sheshtawy, a minor child he could file a motion on Lily's behalf and request the court to appoint appraisers in order to properly determine the share that

Lily is entitled to from her father's estate. The fact that MrMcCulloch did not request appraisal of the estate of Lily's father shows that he did not exercise his duties to Lily and the court which appointed him with diligence. Mr.McCulloch at a previous hearing stated that he paid out of his pocket at a very low cost for an appraisement of the property at 6324 Cunningham Rd., Houston, Texas 77041 and 6323 Thomas Rd, Houston, Texas 77041 but there are still many other valuable assets that have not been appraised. Therefore, Mr. McCulloch could not agree with the provisions for Lily in FAMILY SETTLEMENT & DISTRIBUTION AGREEMENT without knowing the value of said assets.

1.4. This court could on its own motion appoint appraisers in order to determine what is the proper value of of the estate of Adel Sheshtawy and Lily's share of the estate of her father Adel Sheshtawy, accordingly. Without an appraisement of the estate of Adel Sheshtawy, the court could not make determination whether the FAMILY SETTLEMENT&DISTRIBUTION AGREEMENT is in Lily's best interest because the court does not know the value of the assets belonging to Adel Sheshtawy's estate.

1.5. Based on Adel Sheshtawy's PERSONAL FINANCIAL STATEMENT, the value of shares he owned in Tri-Max Inds., Inc. is $ 8,000,000; his real estate properties and investments included the house at 12207 Cabo Blanco Ct., Houston, Texas 77041 which market value is around $ 470,000 as part of AJZ Inc.; he stated his annual income was $ 146,880; Adel also stated he owned E-trade & Scott trade accounts. See **Exhibit A** Personal Financial Statement and **Exhibit B**: Affidavit of Daniel Gebara – Realtor with Keller Williams Realty, in support of purchase made by Adel. The monthly rent from this property at 12207 Cabo Blanco Ct., Houston, TX 77041 was $4,500.00 a month. After Adel's death the tenant continue to occupy the property and pay rent. The rent was deposited in the court registry.

1.6. As per the settlement agreement signed under 407,499-402, AJZ investment was assigned to Nader Sheshtawy. This constitutes

unlawful exclusion of estate assets and unlawful assignment of said assets to Nader Sheshtawy but Mr.McCulloch agreed to that on Lily's behalf.

The house at Ivy Heath, Houston, Texas 77041 was purchased by Adel Sheshtawy in 2011 also under AJZ Inc. Nader Sheshtawy sold the property after Adel died and deposited the proceeds in his personal bank account in Bank of America. Nader stated in his deposition that he sold the house for $150,000.00

**Exhibit C**: Westbound Bank, checks 004800 and 004799 show transactions to E-TRADE and SCOTTRADE accounts made by Adel. Both checks are dated July 22 2010.

Valentina is not aware whether MrMcCulloch requested any documents from Mr Fuqua and Nader Sheshtawy, in terms of value of assets belonging to Adel's estate , to determine whether the provisions in 407,499-402 settlement agreement are fair to Lily.

Valentina made numerous attempts to reach to Mr.McCulloch prior to him signing a settlement agreement on Lily's behalf in 407,499-402 proceeding in order to show him documents in support of assets belonging to the estate of Adel Sheshtawy and injunctions from 247th District Court were forwarded to Mr.McCulloch to prove that Adel could not transfer assets to his brother Farouk Sheshtawy during the pending divorce.

Mr.McCulloch ignored the information submitted to him and signed settlement agreement under 407,499-402 as per which the estate of Adel Sheshtawy was significantly reduced, and Lily's share accordingly. As per the same agreement Westbound Bank accounts were given/assigned to Nader Sheshtawy.

1.7. Lily Sheshtawy's father Adel Sheshtawy had unique inventions and several patents under his name. They are as follows:

1.5.1. Canadian Patent No. 2,289,367, Drilling Tool with Extendable Elements.

1.5.2. Great Britain Patent No. GB2344607, Drilling Tool with Extendable Elements.

1.5.3. United States Patent No. 7,703,534 Underwater Seafloor Drilling Rig.

1.5.4. United States Patent No. 6,189,631B1 Drilling Tool with Extendable Elements.

1.5.5. United States Patent No. 3,937,278 Self-propelling apparatus for well logging tools.

1.7. Corporations:

1.7.1. 100% Ownership interest in Tri-Max Industries, Inc.

1.7.2. !00% Ownership interest in Drill Bit Industries, Inc.

1.7.3. 65% Ownership interest in Drilling Tools (DTI), Inc.

1.8. Securities, Stocks & Bonds:

1.8.1. British Petroleum (BP) – 17 Shares @ $742.22/share

1.8.2. SEMISUB, INC. (California Corporation) – 50 shares Authorized Capital Stock Share # 128 dated October 10, 2008.

All of the above assets, belonging to the estate of Adel Sheshtawy have not been appraised, and therefore Mr.McCulloch could not agree and sign on Lily's behalf the FAMILY SETTLEMENT & DISTRIBUTION AGREEMENT without knowing how much Lily will be at loss.

II. **Lily Alexandra Sheshtawy – the minor child of Adel Sheshtawy and Valentina Sheshtawy has a preserved portion from her father's estate as of the date he passed away on August 8, 2011.** Mr.McCulloch has not made any efforts to strive to conserve Lily's share in the estate of her father as Attorney Ad Litem and/ or Guardian of Estate. Mr McCulloch was appointed by this court, and he is liable to the court and Lily for his actions.

1. Many assets which belonged to the estate of Adel Sheshtawy has been misappropriated with the Settlement Agreement under 407,499-402, such as: AJZ Inc. assigned to Nader Sheshtawy, approximate value of 12207 Cabo Blanco Ct., Houston, Texas 77041 - $ 470,000.00 and rent in the amount $ 4,500.00 from August 2011 to August 2014 when Nader

Sheshtawy sold the same property ($ 162,000.00 total). The rent was deposited in court registry, and then Nader Sheshtawy withdrew the amount. Nader Sheshtawy had also sold the property where Adel resided at the time of his death and during the pending divorce at Ivy Heath, Houston, Texas 77041 and deposited the sale proceeds in his personal account in Bank of America. Adel purchased the house at Ivy Heath during the pending divorce at 247th District Court in Harris County as per the same court orders he was removed from the family residence at 12206 Cabo Blanco Ct.

2. The Westbound bank accounts were given to Nader Sheshtawy as per Settlement Agreement under 407,499-402. Mr. McCulloch agreed to that on Lily's behalf. Valentina requested a meeting with Mr.McCulloch prior to him signing such agreement. Valentina made numerous attempts to reach to Mr. Mculloch and show him documents in support of Westbound bank accounts and other assets belonging to the estate of Adel Sheshtawy, to no avail. Mr. McCulloch signed the Settlement Agreement and in result reduced and agreed Lily's share to be reduced with amount of money in exceeds of $ 3,000,000.00.
The amount in Westbound Bank accounts could be easily verified with the bank as well as the value of E-trade and Scott-trade accounts.

3. Mr.McCulloch signed a settlement agreement under 407,499-401 on Lily's behalf. As a licensed attorney with long experience in probate, he knew that Lily is entitled to the house at 12206 Cabo Blanco Ct., Houston, Texas 77041. He knew that this is the primary residence and Lily's homestead.
Mr.McCulloch initiated the settlement agreement and did not inform Lily's mother that Lily is entitled to the house as this is her homestead.
Mr.McCulloch as a licensed attorney knew that a homestead cannot be partitioned among the heirs and he knew there was a potential thread with such agreement Lily's share in the estate of her father tto be reduced. Instead to strive to preserve and collect Lily's rightful share of her father's estate and set aside Lily's homestead, Mr.McCulloch caused monetary damages to Lily as it is evidenced from all of the above. In the same agreement signed by Nader Sheshtawy and Hanya Sustache, they agreed to be responsible for their attorneys' fees, cost and expenses.

III. The exact amount of damages caused to Lily could be reasonably calculated by this court after proper appraisement of the estate of Adel Sheshtawy, and reviewing the previous settlement agreements.

IV. Mr.McCulloch asks this court to approve Lily's share of the estate of her father Adel Sheshtawy to be limited to the property at 12206 Cabo Blanco Ct., Houston, Texas 77041. Said property is under appeal in the 14th Court of Appeals in Harris County, Texas. The Probate Court One has no jurisdiction at present over the same property. The property was improperly included in the estate, and is exempt property, and not subject to administration.

V. Mr. McCulloch is asking the court for permission to sign a release on Lily's behalf for the following:

- Any and all claims, causes of actions, debts, demands, actions, costs, expenses, losses, damages, charges, challenges, contests, liabilities, promises, agreements, deceptive practice claims, claims in equity, suits, and all other obligations and liabilities of whatsoever nature KNOWN and UNKNOWN, fixed or contingent, liquidated or unliquidated, anticipated or unanticipated, at lawor in equity, for any type of relief or redress, including but not limited to money damages, whether founded on contract, tort (including but not limited to tortuous interference with inheritance rights, conversion,fraud, tax issues, undue influence, false representation, conscious indifference, reckless disregard, and/ or malicious conduct), fiduciary duty, NEGLIGENCE, gross negligence, intentional affliction of emotional distress, reimbursement, breach of fiduciary duty to disclose material information, indebtedness, FRAUDULENT INDUCEMENT, and any other ground, whether or not asserted, which any person has, may have, or have had against the released and/or indemnified party, now existing or arising in the future, including the claims brought or which could have been brought by Valentina through the effective date of the Agreement relating to Nader, Hanya, the Lawsuit, Decedent's

estate, including any claims of common law marriage, save and except warranties and representations under this Agreement. THE PARTIES AGREE THAT THE DEFINITION OF "CLAIMS" IS AND SHALL BE AS BROAD AS THE LAW WILL ALLOW.

Valentina Spassova Sheshtawy believes that the law in the State of Texas does not allow and support all of the above but specifically to mention a few such as tort, torturous interference with inheritance rights, conversion, fraud, undue influence, false representation,, conscious indifference, reckless disregard, malicious conduct, fiduciary duty, negligence, intentional infliction of emotional distress.

Because Lily is only six years old, she could not possibly cause harm to Hanya Sustache ("Hanya") and Nader Sheshtawy ("Nader"), personally and as Co-Administrators along with Mr Fuqua but Hanya and Nader can do all of the above mentioned to Lily, and in fact they have already caused harm to Lily by interfering with the social security benefits that Lily and Valentina were receiving, in result of which the family income dropped drastically and cause Lily to suffer days with no food or very limited food, depriving Lily of basic needs for child her age which resulted in emotional affliction and constitutes act of malicious conduct from Nader's and Hanya's side. Mr. McCulloch previously gave indications that he was aware of that Hanya and Nader interfered with the social security benefits which they could not contest because they are not entitled to those benefits. They intentionally caused harm to Lily and Valentina. Lily is currently under therapy appropriate for her age in result of Hanya and Nader's intentional cruel actions.

The above cited provisions which are included in the settlement which Mr. McCulloch presented to the court for consideration are indemnity provisions Mr. McCulloch cannot bind Lily who is six years old. These type of provisions are subject to direct attack in the court of appeals especially when a minor child is involved.

Valentina Spassova Sheshtawy believes that Probate Court One does not support such provisions, and prays that the court deny Mr. McCulloch APPLICATION FOR AUTHORITY FOR GUARDIAN TO ENTER INTO SETTLEMENT (A.K.A. – DISTRIBUTION AGREEMENT REGARDING THE ESTATE OF ADEL SHESHTAWY.

Valentina Spassova Sheshtawy, further prays that after proper hearing of arguments, this court release Mr. McCulloch to serve as Attorney Ad Litem and Guardian of Estate for Lily Alexandra Sheshtawy; and that the court enter any other order deemed necessary to protect the interest of the minor child in the estate of her father Adel Sheshtawy, including but not limited to appraisement and freezing the assets of the estate of Adel Sheshtawy until further order of the court; and consider less costly alternative to Lily's guardianship.

Respectfully submitted,

*Valentina Sheshtawy*

Valentina Spassova Sheshtawy
12206 Cabo Blanco Ct.
Houston, Texas 77041
832-721-3606
valentinasheshtawy@yahoo.com

# EXHIBIT A

PERSONAL FINANCIAL STATEMENT                CONFIDENTIAL

NAME _Adel Sheshtawy_         POSITION/OCCUPATION _Chairman/CEO_
BUSINESS NAME _TRI-MAX Industries, Inc._
BUSINESS ADDRESS _6324 Cunningham Rd Houston_  PHONE _713 937 8808_
RESIDENCE ADDRESS _12766 Caba Blanca, Houston, TX_  PHONE _713 984 8448_

The following is submitted for the purpose of procuring, establishing and maintaining credit with you in behalf of the undersigned or persons, firms corporations in whose behalf the undersigned may either severally or jointly with others execute a guaranty in your favor. The undersigned warrants that this financial statement is true and correct and that you may consider this statement as continuing to be true and correct until a written notice of change is given to you by the undersigned.

Date _____

**PLEASE DO NOT LEAVE ANY QUESTIONS UNANSWERED, USE "NO" OR "NONE" WHERE NECESSARY**

| ASSETS | In even dollars | LIABILITIES | In even dollars |
|---|---|---|---|
| Cash on hand and in banks | 8,500 | Notes payable to banks - secured | 0 0 0 |
| Marketable Securities - See Schedule A | 1,732,601 | Notes payable to banks - unsecured | 0 0 0 |
| Non-Marketable Securities - See Schedule B | | Due to brokers | 271,282 |
| Securities held by broker in margin accounts | | Amounts payable to others - secured * | |
| Restricted or control stocks TRI-MAX 00049695 | | Amounts payable to others - unsecured * | |
| Partial Interest in Real Estate Equities - See Schedule C | | Real estate mortgages payable - See schedule D | |
| Real Estate Owned - See Schedule D | 601,000 | Accounts and bills due | |
| Loans Receivable | | Unpaid Income Tax | |
| Automobiles and other personal property | | Other unpaid taxes and interest | |
| Cash value - life insurance - See Schedule E | | Other debts - itemize: | |
| Other assets - itemize: | | | |
| | | TOTAL LIABILITIES | 271,282 |
| | | NET WORTH (Assets less Liabilities) | 2,070,019 |
| | | * List on Schedule F | |
| TOTAL ASSETS | 2,341,301 | TOTAL LIABILITIES & NET WORTH | |

Are all bad and doubtful assets excluded from this statement? _Yes_ If no, please explain.
_____

Income taxes settled through what date? _12/31/2006_ Additional assessments
$_____

| ANNUAL SOURCES OF INCOME | PERSONAL AND GENERAL INFORMATION |
|---|---|
| Salary, bonus & commissions $60,000.— | Your Social Security Number: 525 06 1224 |
| | Spouse Social Security Number: |
| Dividends Reinvested by Brokrage | Do you have a will? Y If yes, name of executor: Nader Sheshtawy (son) |
| Real Estate Income 67,200.— | Are you a partner or officer in any other venture? |
| Other income 19,680.— | Are you obligated to pay alimony, child support, or maintenance payments? If so, describe: No. |
| | Are any assets pledged? No |
| TOTAL ANNUAL INCOME $146,880 | Are you defendant in any suits or legal actions? No. |
| Do you have any contingent liabilities? If yes, give details: No. | Personal bank accounts carried at: Bank of Texas (281)693-8793 |
| As endorser, co-maker or guarantor $ | Have you ever taken bankruptcy? Explain |
| On leases or contracts $ | |
| Legal claims $ | No. |
| Other special debt $ | |
| Amount of contested tax liens $ | |

PAGE 1



Ex. B

### SCHEDULE A - U.S. GOVERNMENTS AND MARKETABLE SECURITIES

| No. of Shares or Face Value (BONDS) | Description | In Name of | Market Value | Source of Value |
|---|---|---|---|---|
| See attached | E-Trade of Scott Trade | last statments. | | |
| | | | | |
| | | | | |

### SCHEDULE B - NON-MARKETABLE SECURITIES

| Description of Securities | No. of shared owned | Book Value Per Financial Statement dated: | No. of shares Outstanding | Total Value |
|---|---|---|---|---|
| TRI-MAX Industries, In | 1,100,000 - | 8,000,000 | 1,100,000 | 8,000,000 |
| USDR Inc. | 1000 | ? | 2 | ? |

### SCHEDULE C - PARTIAL INTERESTS IN REAL ESTATE EQUITIES

| Location of Property | % of Ownership | Type | Yr. of Purchase | Cost @ or Market (M) | Mortgage | Value of Equity |
|---|---|---|---|---|---|---|
| *Non.* | | | | | | |

### SCHEDULE D -- REAL ESTATE OWNED

| Description of Property and Improvements | Date Acquired | Title In Name Of | Cost | Market Value | Mortgage Amount | Maturity |
|---|---|---|---|---|---|---|
| 12206 Cabo Blanco 77041 | 12/2006 | A Sheshtawy | 600,000 | 620,000 | Rental | ape |
| 12207 Cabo Blanco 77041 | 6/2007 | ATZ, Inc. | 425,000 | 470,000 | Rental | 0.00 |
| 11706 Highgrove TX77 | 4/1991 | Adel Shesh | 155,000 | 255,000 | Rental | 0.00 |
| | | | | | | 0.000 |

### SCHEDULE E - LIFE INSURANCE CARRIED, INCLUDING N.S.L.I. AND GROUP INSURANCE

| Face Value | Name of Company | Beneficiary | Cash Surrender Value | Loans |
|---|---|---|---|---|
| | *Non.* | | | |
| | | | | |

### SCHEDULE F -- NAME OF BANKS / FINANCE COMPANIES WHERE CREDIT HAS BEEN OBTAINED

| Name and Address | Original Date | High Credit | Current Balance | Secured or unsecured |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

PAGE 2

The undersigned certifies that both pages hereof and the information inserted therein has been carefully read and is true, perfect and complete.

SIGNATURE _A Sheshtawy_

DATE: _12-16-08_

(USE ADDITIONAL SCHEDULES WHEN NECESSARY)

# *EXHIBIT B*

# AFFIDAVIT OF DANIELLE GEBARA

BEFORE ME, the undersigned authority, personally appeared DANIELLE GEBARA, who being duly sworn, said the following facts are true:

My name is Danielle Z. Gebara. I am over age of 21 years, have never been convicted of a felony or a crime of moral turpitude, and I am in all respects competent to make this Affidavit. I have personal knowledge of the facts contained herein, and all are true and correct.

I am a Realtor with Keller Williams Realty. I have eleven years of experience in Real Estate.

I first met Mr. Adel Sheshtawy in December 2007, at an open house for the home I was listing at 12206 Cabo Blanco, Houston TX. 77041 owned at that time by Kevin and Lisa Carpenter. Mr. Sheshtawy visited the home and stated that he loved it, than left the property. The same evening he called me and requested that I meet him at the property the next morning and bring along a copy of the contract necessary to submit an offer. Upon meeting him, he requested that we draw the offer on the spot. When I asked him if there would be anyone else's name on the contract he said that he was married but wanted his name only on the contract because the home was a surprise for his wife, who I later met through another purchase and lease transaction Mr Sheshtawy requested my help with. Mr Sheshtawy purchased this home with cash.

I first met Valentina Sheshtawy in late May , early June 2008 when I visited Mr Sheshtawy at his new home twice, and discussed with him the purchase and the lease of 12207 Cabo Blanco Ct., the home across the street from the property that he purchased from me , and where he lived with his family . In the following 3 years Mr sheshtawy called me several times to ask for my opinion about other real estate investments. I would always ask about his wife Valentina and Lilly and Nikolay. He always responded they were fine, adding they were all very happy in the house. I later learned during the year 2010, through common acquaintances, that there was a divorce procedure between Mr. Sheshtawy and his wife.

I live in Lakes on Eldridge North and have seen the Sheshtawy family on several occasions such as parties and social gatherings. Adel and Valentina were representing themselves as a married couple and family with a young daughter and a teen age step child.

I heard that Mr. Sheshtawy passed away in 2011.



Danielle Gebara

SUBSCRIBED AND SWORN before me this, 12 day of June, 2014.

Notary Public in and for the State of Texas

My commission expires on 10/31/17

STEPHANIE L. WALKER
Notary Public, State of Texas
My Commission Expires
October 31, 2017

# EXHIBIT C

**Westbound Bank**
*A New Direction in Banking*

P.O. Box 740
Katy, TX 77492-0740
(713) 554-7615

004800

REMITTER   TRI-MAX INDUSTRIES INC    DATE   07/22/2010    08-2548
1120

PAY TO THE ORDER OF   E TRADE *(Act # 6130-2542 Adel Sheshtawy )*   $ 61,348.35

Sixty One Thousand Three Hundred Forty Eight and 35/100   DOLLARS

**Cashiers Check**

AUTHORIZED SIGNATURE

---

**Westbound Bank**
*A New Direction in Banking*

P.O. Box 740
Katy, TX 77492-0748
(713) 554-7615

004799

REMITTER   TRI-MAX INDUSTRIES INC    DATE   07/22/2010    88-2548
1120

PAY TO THE ORDER OF   SCOTTRADE *(Act # 72687779 Adel Sheshtawy*   $ 44,000.00

Forty Four Thousand and 00/100   DOLLARS

**Cashiers Check**

AUTHORIZED SIGNATURE

Ex. F

THE STATE OF TEXAS

COUNTY OF HARRIS

# AFFIDAVIT OF VALENTINA SPASSOVA SHESHTAWY

# IN SUPPORT OF COMPLAINT AGAINST CAMERON McCULLOCH

# AS A GUARDIAN OF ESTATE

# FOR LILY ALEXANDRA SHESHTAWY

Before me, the undersigned authority, on this _20_ day of _February_, 2015, personally appeared Valentina Spassova Sheshtawy who being duly sworn, upon her oath states:

1. My name is Valentina Spassova Sheshtawy. I am over 21 years of age and competent to make this affidavit.
2. I live at 12206 Cabo Blanco Ct., Houston, Texas 77041.
3. I am the mother of Lily Alexandra Sheshtawy, a minor child.
4. I am the wife of Adel Sheshtawy who died on August 8, 2011
5. I am personally familiar with the assets belonging to the Estate of Adel Sheshtawy and have personal knowledge of the value of the assets.
6. I was also employee of Tri-Max Inds, Inc. and have personal knowledge about the nature of the business, the inventions of my husband and value of the patents, and assets, and have personal knowledge of relevant facts.
7. All the facts, circumstances and representations made by me related to IN RESPONSE TO APPLICATION FOR AUTHORITY FOR GUARDIAN TO ENTER INTO SETTLEMENT (A.K.A.) DISTRIBUTION

AGREEMENT REGARDING THE ESTATE OF ADEL SHESHTAWY INCORPORATED BY REFERENCE WITH THE COMPLAINT AGAINST CAMERON McCULLOCH as Guardian of Estate for my minor daughter Lily Alexandra Sheshtawy, presented in Probate Court One in Harris County, Texas, are true and correct to the best of my knowledge.

Signed this _____ 20th day of ___FEB.___, 2015.

_Valentina Sheshtawy_

Valentina Sheshtawy
12206 Cabo Blanco Ct.,
Harris County, Texas 77041

SWARN TO AND SUBSCRIBED BEFORE ME on this _____ 20th day of ___FEB.___, 2015.

ASHVIN A. DESAI
Notary Public, State of Texas
My Commission Expires
September 12, 2017

NO. 425,238

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT ONE |
| LILY SHESHTAWY, | § | OF HARRIS COUNTY, TEXAS |
| A MINOR | § | |

## ORDER REMOVING MR.McCULLOCH TO SERVE AS GUARDIAN OF THE ESTATE FOR LILY SHESHTAWY, A MINOR CHILD

This _____ day of _____, 2015 came on to be heard the COMPLAINT AGAINST MR.McCULLOCH in the above entitled and numbered proceeding, and finds that Mr. Cameron McCulloch should be removed for cause: not acting in the best interest of the minor child LILY SHESHTAWY's and for

_____

_____.

IT IS ORDERED that the said MR. CAMERON McCULLOCH be and is hereby removed to serve as Attorney Ad Litem and as Guardian of the Estate of LILY SHESHTAWY, a minor, that the letters heretofore issued to him be surrendered and that all such letters be and they are hereby canceled of record whether issued or not.

IT IS FURTHER ORDERED that MR. CAMERON McCULLOCH relinquish and deliver all of the estate remaining in the hands of _____, the person entitled hereto.

SIGNED this _____ day of _____, 2014.

_____

## CERTIFICATE OF SERVICE

I certify that true and correct copy of the foregoing instrument was sent by facsimile and/or e-mail, on __20__ day of February, 2015 to the following parties:

W. Cameron McCulloch                           *Guardian of Estate for Lily*
MacIntyre Mcculloch Stanfield & Young, LLP     *Sheshtawy, Minor*
2900 Weslayan, Suite 150
Houston, Texas 77027
Phone: 713-572-2900
Fax: 713-572-2902
Cameron.McCulloch@mmlawtexas.com

Michael Fuqua                                  *Temporary Administrator*
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, Texas 77056
Phone: 713-960-0277
Fax: 713-960-1064

Sarah Pacheco                                  *Attorneys for Nader*
Kathleen Tanner Beduze                         *Sheshtawy and Hanya*
Crain Caton & James, PC                        *Sustache*
Five Houston Center
1401 McKinney, 17th floor
Houston, Texas 77010
Fax: 713-658-1921

# EXHIBIT 6

NO. 425,238

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| THE ESTATE OF | § | |
| | § | |
| LILY ALEXANDRA SHESHTAWY, | § | NUMBER ONE (1) OF |
| | § | |
| A MINOR | § | HARRIS COUNTY, TEXAS |

## FIRST AMENDED NOTICE OF HEARING

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE BE NOTIFIED that the hearing on the following instruments in the above entitled cause have been re-set for **Thursday, March 12, 2015 at 10:00 a.m.** in the Probate Court Number One (1) of Harris County, Texas:

1. Application for Authority to Enter into Settlement (a.k.a. – Distribution) Agreement and any responsive pleading thereto; and

2. Valentina Sheshtawy's Complaint Against Cameron McCulloch, Guardian of the Estate of Lily Sheshtawy

Respectfully submitted,

MacINTYRE, McCULLOCH, STANFIELD & YOUNG, LLP

By_____
W. CAMERON McCULLOCH
State Bar Number 00788930
CHRISTOPHER C. BURT
State Bar Number 24068339
2900 Weslayan, Suite 150
Houston, Texas 77027
(713) 572 - 2900
(713) 572 - 2902 (FAX)
Cameron.McCulloch@mmlawtexas.com
Christopher.Burt@mmlawtexas.com

ATTORNEY FOR APPLICANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following - via United States Certified Mail, return receipt requested, and/or via facsimile - on this the ___ day of February, 2015:

Ms. Sarah Patel Pacheco
Ms. Kathleen Tanner Beduze
Crain Caton & James, PC
Five Houston Center
1401 McKinney, 17th Floor
Houston, Texas 77010
(713) 658-1921 (Fax)
*Attorneys for Nader Sheshtawy & Hanya Sustache.*

Ms. Valentina Sheshtawy
12206 Cabo Blanco Court
Houston, Texas 77041

Mr. Peter J. Bennett
Ms. Ann T-Ngo
Peter J. Bennett, P.C.
202 Travis Street, Suite 207
Houston, Texas 77002
(713) 568-2411 (Fax)

Mr. Michael L. Fuqua
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, Texas 77056
(713) 960-1064 (Fax)
*Temporary Administrator*

_____
W. Cameron McCulloch
Christopher C. Burt

# CERTIFICATION

Valentina Spassova Sheshtawy, the person filing this Writ of Prohibition, or alternatively Writ of Mandamus, has reviewed and concluded that the evidence are included in the appendix and other records are already in file, Cause No. 14-14-00515-CV in the Fourteen Court of Appeals in Houston, Texas.

_Valentina Sheshtawy_
_____
Valentina Spassova Sheshtawy

# CERTIFICATE OF COMPLIANCE

In compliance with TRAP 9.4 (i) (3), the undersigned certifies that the Petition for Writ of Prohibition/Writ of Mandamus contains 3,133 words.


*Valentina Sheshtawy*
Valentina Spassova Sheshtawy

## CERTIFICATE OF SERVICE

I certify that true and correct copy of the foregoing instrument was sent by facsimile on 9th day of March, 2015 to the following parties:

Honorable Judge Loyd Wright
Probate Court One (1) of Harris County
201 Caroline, 6th floor, Houston, Texas 77002
Phone: 713-368-6700
Fax: 713-368-7300
*Respondent*

W. Cameron McCulloch
MacIntyre Mcculloch Stanfield & Young, LLP
2900 Weslayan, Suite 150, Houston, Texas 77027
Phone: 713-572-2900
Fax: 713-572-2902
*Guardian of Estate of Lily Sheshtawy, Minor*

Michael Fuqua
Fuqua & Associates, PC
5005 Riverway, Suite 250, Houston, Texas 77056
Phone: 713-960-0277
Fax: 713-960-1064
*Temporary Administrator of the Estate of Adel Sheshtawy, Deceased*

Sarah Pacheco *and* Kathleen Tanner Beduze
Crain Caton & James, PC
1401 McKinney, 17th floor, Houston, Texas 77010
Fax: 713-658-1921
*Attorneys for Nader Sheshtawy and Hanya Sustache*

*Valentina Sheshtawy*

*Valentina Spassova Sheshtawy*
*E-mail:valentinasheshtawy @yahoo.com*

*viii*

# AFFIDAVIT OF VALENTINA SPASSOVA SHESHTAWY

# IN SUPPORT OF RELATOR'S ORIGINAL PETITION FOR

# WRIT OF PROHIBITION/WRIT OF MANDAMUS

Before me, the undersigned authority, on this __6__ day of __March__, 2015, personally appeared Valentina Spassova Sheshtawy who being duly sworn, upon her oath states:

1. My name is Valentina Spassova Sheshtawy. I am over 21 years of age and competent to make this affidavit. I live at 12206 Cabo Blanco Ct., Houston, Texas 77041.
2. I am the Relator of the Petition for Writ of Prohibition/Writ of Mandamus, filed in the Court of Appeals in Houston, Texas.
3. All the facts or circumstances presented in Relator's Original Petition for Writ of Prohibition/Writ of Mandamus, are true and correct to the best of my knowledge.

Signed this __6__ day of __March__, 2015.

_Valentina Sheshtawy_
Valentina Sheshtawy
12206 Cabo Blanco Ct.,
Harris County, Texas 77041

SWARN TO AND SUBSCRIBED BEFORE ME on this __6__ day of __March__, 2015.

LINDSEY LEIGH SMITH
NOTARY PUBLIC
State of Texas
Comm. Exp. 09-29-2018

_Lindsey Smith_
Notary Public
Lindsey L. Smith